#### IN THE

# SUPREME COURT OF JUDICATURE

#### OF THE

# STATE OF INDIANA,

### AT INDIANAPOLIS, MAY TERM, 1863, IN THE FORTY-SEVENTH YEAR OF THE STATE.

---

## GLASCOCK v. LYONS.

ACTION.—If a person, rightfully in the possession of an office to which he is entitled, is ousted therefrom by an intruder, an action for money had and received would lie in his favor against the usurper to recover the fees, when fixed or customary fees are incident to the office.

TITLE TO OFFICE.—And in such an action the title to the office may be determined.

ACTION.—A person who is rightfully entitled to an office, although not in the actual possession of it, has a property in it, and against a mere intruder, who may perform the duties of the office for a time, and receive the fees arising therefrom, he may maintain an action for money had and received to recover such fees, and such intruder can not retain any part thereof as compensation for his labor.

APPEAL from *Fountain* Circuit Court.

HANNA, J.—*Glascock* sued *Lyons*, averring that he was duly elected to the office of sheriff of *Fountain* county, at the October election in the year 1856, and entitled to the certificate

VOL. XX.—1

Glascock *v.* Lyons.

of election, and commission, and to be qualified and receive the fees, &c., as such sheriff; but that said *Lyons*, by deceitful, false, and fraudulent means and practices, secured to himself a certificate of election to said office, and was commissioned and qualified, which facts were found to be true at the *February* term of the *Fountain* Circuit Court for the year 1858; that the defendant, on the 23d of *December*, 1856, usurped and fraudulently and unlawfully took upon himself the discharge of the duties of said office from thence until the 19th day of *March*, 1858, and used, exercised, and enjoyed the same, receiving and converting to his own use the fees, &c., amounting, &c., during all of which time said plaintiff was entitled to said office, and the said fees, &c., but that said defendant refuses to pay over the same, &c., although the plaintiff is entitled thereto, &c.

There was a demurrer sustained to the complaint, which presents the only question in the case. It appears to be well settled that under certain circumstances a suit in the form of the action for money had and received, will lie in favor of a person really entitled to an office, against one who has usurped the same, for the recovery of the known and fixed fees that such intruder may have received. 1 Selwyn's Nisi Prius, 81; *Boyter* v. *Dodsworth*, 6 T. R. 481; *Allen* v. *McKean*, 1 Sumner 317; *Powell* v. *Milbank*, 1 T. R. 399, note; *Sadler* v. *Evans*, 4 Burrow's R. 1984; *Lightly* v. *Clouston*, 1 Taunton's R. 113.

In the case in 1 Sumner, it was held that *Allen* was entitled to recover certain fees due him as President of Bowdoin College. In so deciding, the Court determined the title to that office, for the Trustees, believing they had authority so to do, had superseded said *Allen* by the appointment of another who had been put in possession of the position. The opinion in the case is an elaborate one by Judge *Story*.

That case differed from this in one particular. There, president *Allen* had been in the possession, and the exercise of the

Glascock *v.* Lyons.

duties of the office. Here, we are not informed, by direct allegation, that the plaintiff had been inducted into the office, or had exercised the duties of the same. It is shown that the plaintiff had not received a certificate of election, nor a commission, although it is averred he was elected, and thereto entitled.

It is perhaps the correct theory, in reference to an office elective by the people, that the fact that an eligible person is duly chosen to fill the same, confers upon him the right, the title to such office, and the certificate of election, or commission, is in some respects something like a deed to land, the mere evidence of such title.

This title gives the right to exercise the accustomed or fixed duties of the office, and receive the fees and emoluments therefor. In this right, it has been often contended there may exist a franchise to which the rights of property may attach for certain purposes.

After the title, the right to exercise certain franchises and receive fees arising therefrom, has been thus conferred by the sovereigns, the people in this instance, it may still be thought necessary, for the public good and individual security, that the person, before he assumes to act in such office, shall give pledges or safeguards for the faithful discharge of the duties incident to such office. The mode of executing such pledges may be pointed out by statute. In this instance an oath of office and a bond were required. Until these pledges are given, the right, as to the public, to perform the duties, and to receive the fees, &c., of the office, could not be considered as fully operative. But if the person thus entitled should be prevented from taking the steps imposed and made preliminary to the exercise of the accustomed duties, by the act of another, especially if, as here charged, deceitful, false, and fraudulent means were employed to effect that object, and if that other should, by the use of such means, procure an

induction into such office, a question then arises, what right of action, if any, exists against him, in favor of the rightful claimant.

As before observed, if the office had been rightfully in possession of the person entitled thereto, and he had been ousted by an intruder, an action for money had and received would lie in his favor against the usurper to recover the fees, when fixed or customary fees are incident to the same; and in that action the title to the office may be determined. This was settled as long ago as the time of Charles the Second, *Howard* v. *Wood*, 2 Levinz's Rep. 245, see *Lightly* v. *Clounston*, 1 Taunton 112, in which HEATH, J. lays down the broad proposition, that the title to an office, under an adverse possession, may be tried in an action for the fees of the office had and received. The language here used does not place the right of action upon former possession of the office. Nor is it directly stated to depend upon such possession, in the text in Selwyn, *supra*, or Saunders Pl. and Ev.

An action lies in an instance where money is received by the defendant which in good conscience ought to be paid to the plaintiff. 1 Selw. 80.

If the proposition is correct that he who is rightfully entitled to an office has a property in it, though not, perhaps, strictly in the commercial sense of that term, then we are not able to perceive how a mere intruder, who may perform the duties for a time, can, in good conscience, retain the fees, &c., for such service. If he could, under such circumstances, be permitted to retain such fees, it would be on the ground that they were a remuneration for his labor, &c.; but that would not justify the retention of any sum over such mere remuneration; if justified to that amount, how could the case be distinguished from one where *A B* may, without a contract or request, express or implied, perform ordinary labor for *C D*? In the latter, it is well settled there is no right of action ac-

Glascock *v.* Lyons.

crues to the laborer. How could there in the former? If not, upon what principle can the labor be set up as a defence to an action for money received to which the plaintiff was entitled.

We are now treating this case as resting upon the facts averred and by the demurrer admitted to be true, namely, that the plaintiff was duly elected and justly entitled to the office, but that the defendant had obtained the evidences of title thereto through deceit, falsehood and fraud—had intruded into the same and was usurping the duties thereof.

Under these admitted facts, we are not able to perceive any good conscience there would be in permitting the defendant to retain any thing over a bare compensation, nor, in view of the well established class of decisions in similar. cases already adverted to, how he can retain *any portion* of said fees. If the facts are not as stated, issue should have been taken thereon.

Our statute defines usurpation to be, officiating in any place of authority without being legally authorized. 2 R. S. 433.

Again we have a statute which prescribes at length the mode of proceeding, for certain purposes, by information, against one who may usurp, intrude into, or unlawfully hold or exercise any public office. After prescribing the several necessary steps, as to the judgment it provides that, "If judgment be rendered in favor of the relator, he shall proceed to exercise the functions of the office after he has been qualified as required by law," &c. 2 R. S. 199. This incidentally shows that one might be treated as a usurper, as against a lawfully entitled claimant who had never been in possession, in the opinion of the Legislative department. This being the construction placed upon such acts by one branch of the Government, it is, perhaps, our duty to accord with it in an instance where there are no overruling objections.

*Per Curiam.*—The judgment is reversed.    Cause remanded for further proceedings.

*Voorhees, Wilson, Wallace,* and *Ristine,* for the appellant.

*R. C. Gregory,* for the appellee.