Nicholson, C. J.,
delivered the opinion of the court.
Woodward sued the Mayor and Aldermen of Memphis, in the Circuit Court of Shelby County, for his salary as physician to the City Hospital from October *500 23, 1866, to April, 1867, when the office was discontinued.
The facts were agreed on, and submitted to Judge Heiskell, without the intervention of a jury. He found in favor of the plaintiff below, and the defendant has appealed.
The facts on which the questions arise are as follows :
Lynch was physician to the hospital until October, 1866, when his office became vacant, and Woodward was duly elected, gave bond, which was accepted, and took the prescribed oath.
The Mayor went with Woodward to put him in possession of the paraphernalia of the office, and finding Lynch in the office, informed him of the object of the visit, when Lynch asked for a few hours time to move his family, which being conceded to him, thereupon, instead of moving his family, he applied for and obtained an injunction from Judge Hunter, requiring the Mayor and Woodward absolutely to desist and refrain from interfering with him in the enjoyment of the office.
Upon final hearing, this injunction was ’ perpetuated by the Chancellor; but upon an appeal by Woodward to the supreme court, the decree of the Chancellor was reversed at the April term, 1867.
Judge Milligan, giving the opinion of the court, said: “So it follows that in either event the office of City Hospital Physician was vacant at the election of Dr. Woodward in October, 1866, and that he was lawfully elected to the office by a competent and lawful *501 board, and as such is entitled to all the privileges and emoluments of the office.” Lynch v. Lafland et als., 4 Col., 103.
Lynch continued in the enjoyment of the office, ■receiving its salary, $225 per month, until the office was discontinued in April, 1867.
So that Woodward, although entitled to the office, ■never actually performed any of its duties, though he was ready and willing all the time to do so, and he never received any of the salary, though he frequently demanded it.
The injunction continued in force until the office was discontinued.
The question upon these facts is, whether the Mayor and Aldermen were liable to pay the salary of Dr. Woodward, although they had paid Dr. Lynch for the same term of service, during which Dr. Woodward was entitled to the office and its salary?
The decision in the case of Lynch v. Lafland et als. is conclusive as to Woodward’s title to the office and to the emoluments.
The right to exercise a public office is a species of property, equally with any other thing capable of possession, and the law affords adequate redress when the enjoyment of it is wrongfully prevented. 3 Kent, 454; 2 Ala. (N. S.), 31.
The same doctrine is recognized in Dodd v. Weaver, 2 Sneed, 673.
But the right to the office does not entitle the officer to the compensation as under a contract: he takes it subject to the authority of the creating power *502 to modify the compensation, or to discontinue the office. Haynes v. The State, 3 Hum., 480; Hoke v. Anderson, 4 Dev., 1.
With, this qualification, the officer is entitled to the office and to its emoluments, and to redress for interference with his rights.
It is conceded in the argument, that Woodward is entitled to his remedy against Lynch, for holding the office and receiving the salary to which Woodward was entitled.
It is conceded, also, that if the Mayor and Aider-men had placed Woodward in a position in which he could not perform the duties of the office, he, could then recover his salary.
We may add, that it is equally clear that, as Woodward was in reality entitled to the salary of the office, if the Mayor and Aldermen declined to pay it to him, but actually paid it to Lynch, who was wrongfully holding the office, this payment was wrongful, and did not discharge the liability of the Mayor and Aldermen to Woodward.
If Lynch was wrongfully in the office, could the Mayor and Aldermen have been compelled to pay him the salary?
In Pearce v. Hawkins, 2 Swan, 89, the court said: “ It is true, that being invested with the forms of office, his official acts will be deemed good and valid as to third persons in the same manner as if he had been an officer de jure. But when put on his own defense he cannot justify under his office, if it appear *503 that he is not a legal officer, but only an officer de facto.”
If such an officer could not defend on such an office, it seems to be a legitimate conclusion that if he seeks to rest his claim to compensation upon his rights under such office, he will be repelled if he cannot show his title to the office.
In the case of the People v. Tieman, 30 Barb., 193, the court said: “ When an individual claims by action the office, or the incidents to the office, he can recover only upon proof of title.”
But it is insisted for the Mayor and Aldermen,, that the salary was paid to Lynch under the operation of the injunction, and that they are protected against the claim of Woodward by reason of the payment so made.
As already stated, the injunction restrained the-Mayor and Aldermen from “ interfering with Lynch in the enjoyment of the office of city physician and the discharge of the duties thereof,” etc.; but there-was nothing expressly requiring the Mayor and Aider-men to pay the salary of the office to Lynch; nor could this be implied.
A mandatory injunction is to be- strictly construed. Kerr on Injunctions, 534.
The Mayor and Aldermen could have withheld the salary without violating the injunction.
What, then, is the effect of a payment made to Lynch, who was not legally entitled to it, under an injunction which was afterward dissolved because it had been granted erroneously?
*504 Whatever may be the legal effect of such a payment as between the Mayor and Aldermen and Lynch, we know of no principle upon which it can be held to be a satisfaction of Woodward’s claim.
He was virtually inducted into the office, and by an evasion, Lynch obtained time to move his family, and availed himself of it to obtain an injunction which prevented Woodward from actually enjoying the benefits of the office to which, together with its emoluments, this court held that he was entitled.
The injunction restraining the Mayor and Aider-men from placing Woodward in the office, and restraining him from entering into it and receiving its emoluments, was wrongfully granted.
It was held, in effect, that Woodward was entitled to the salary paid to Lynch; hut it would be palpable injustice now to hold that the payments thus made to Lynch under an erroneous order of the court, and especially when the order did not so require, should operate as a satisfaction of Woodward’s claim to the emoluments of the office.
It was not in the power of the Chancellor. to make such an order except in the event that Woodward was not legally entitled to the office. Woodward’s claim to the salary followed his title to the office, and no payment to another of money that belonged rightfully to Woodward, although made under au erroneous order of the court, could operate as a payment or satisfaction of his claim.
The authorities to which we have been referred, in cases where officers de facto received fees for the per *505 formances of services, do not control this case, even if they -were correctly decided, as to which we express no opinion.
Note. In Auditors v. Benoit, 20 Micli., 176 (4 Am. R., 382), it was held that a de jwre county treasurer could not exact the salary for the time the de facto incumbent was actually in office.
In Smith v. Mayor, 37 N. Y., 518, it was held that a deputy street commissioner of the city of New York, who had been kept out of his office, could not recover against the city the fees accruing from the office during this time.
In Dolan v. Mayor, 68 N. Y., 274, it was held that payment of the salary of an office to a de facto public officer, while in possession of the office, was a good defense against an action by the de jure officer suing to recover the same salary, after he had acquired possession.
It was here said, that the de facto officer could not himself recover the salary for the time he was in possession, — the salary attaching to the true title; and that the officer de jure could recover from the officer de facto the salary received by the latter (citing Howard v. Wood, 2 Lev., 245, and Glasscock v. Dyons, 20 Ind., 1), being entitled to treat the services of the office as having been rendered by the de facto officer for him; and that he might recover so much of the salary of the office for the time it was filled by the de facto officer as had not been paid to such officer.
In Mayfield v. Moore, 53 Ill., 428 (5 Am. R., 52), it was held that the de jwre officer might recover of the de facto incumbent the fees and emoluments received by him while in office, after deducting the necessary expenses in earning them. Rjspokteb.
We are, therefore, of the opinion that there was no error in. the judgment, and affirm it.