STATE ex rel. KING vs. KROMER.   STATE ex rel. WOOD vs. BAKER.   (Appeal from taxation of costs.)

In case of a criminal information by the attorney general, on the relation of a private person, but in the right of the state, against one who has usurped a public office (Tay. Stats., 1809, § 10), no attorney's fees should be taxed.

After judgment had been rendered against the defendant in

each of these cases (*ante*, p. 71), the clerk of this court refused to tax attorney's fees as costs against said defendants, upon application made to him for that purpose. Thereupon an appeal was taken to the court from such decision of the clerk.

RYAN, C. J.    These were not civil actions under the statute. The proceedings were by criminal informations of the attorney general, on the relation of private persons, indeed, but in the right of the state.    *Ante*, p. 71.

We learn from the clerk that in all such cases, except by mere inadvertence, it has always been the custom not to tax attorney's fees; and we consider this custom right.

In such cases, the relators may indeed retain other counsel to assist the attorney general; and, in practice, counsel so employed often conduct the proceedings without active participation of the attorney general.    But that officer is nevertheless the attorney of record; and if attorney's fees were to be taxed, on judgment for the state, they would be not for the services of the relators' counsel, but for the services of the attorney general: his official services, for which the state pays his salary: would be taxed, not for the relators, but for the state.    R. S., ch. 133, sec. 41.

Such fees in such cases do not appear to be within the letter of any statute, and certainly not within the spirit.    There would be no more reason or propriety in taxing attorneys' fees in these cases than upon conviction on indictments or informations for crime.    It would be unbecoming the justice and dignity of the state, and indeed the dignity of the attorney general's high office.    Such, no doubt, has been the reason of the practice prevailing in this court from the beginning.

The question before us is upon the clerk's refusal to tax attorney's fees; and his taxation is affirmed.

*By the Court.* — So ordered.