[No. 9,256. Department One.—July 29, 1884.]

## HENRY STODDARD, Respondent, *v.* A. B. WILLIAMS ET AL., Appellants.

Office—Fees—Action Against Usurper. — Where a party wrongfully claiming the right to an office, and performing its duties, exacts and receives the fees thereof, he is bound to return them to the party entitled to the office, and such party has a cause of action for their recovery.

Appeal from a judgment of the Superior Court of the county of Santa Barbara.

Before the commencement of the action, the right to the office had been judicially determined in favor of the plaintiff. The

remaining facts sufficiently appear in the opinion of the court.

*District-Attorney John J. Boyce,* for Appellants.

*Jarrett T. Richards,* for Respondent.

McKEE, J.—As the duly elected recorder of Santa Barbara County, the plaintiff was legally entitled to the possession of the office of recorder, and to collect and receive the fees of the office. The defendant, by virtue of his being county clerk of the county, had no valid claim to the office, and no right to collect the fees. (*People ex rel. Stoddard* v. *Williams,* 64 Cal. 87.) When, therefore, the defendant exacted the fees in controversy, to which he had no right, he was bound to return them to the officer who was entitled to them. He could not relieve himself of that duty by turning them into the county treasury under the statute of 1878. That statute did not authorize such a disposition of the fees of the recorder's office. It applied only to the fees collected by the county clerk for services rendered by him in his several official capacities. (Stats. 1875–76, p. 212.) But the county clerk had no official capacity as county recorder. The recorder's office was not an appendant of the county clerk's office; it was a distinct and independent office, in which no services were required of the county clerk for which he could legally charge or collect fees for himself or the county; he had, therefore, no duty to perform with reference to them.

The fees of the recorder's office were, therefore, not subject to the statute of 1878. The only statute applicable to them was the general fee bill (Stats. 1869–70, p. 148), and under the provisions of that law, the plaintiff was entitled to receive them as compensation for his services as county recorder. (§ 1, *supra.*)

Judgment affirmed.

Ross, J., and McKINSTRY, J., concurred.