Opinion by
White, P. J.
§ 742. Resignation of sheriff; creates vacancy in office, when; how vacancy to he filled; case stated. This suit was brought in Wilbarger county, and transferred by *651 change of venue to Wichita county. One T. L. Stewavt was the regularly elected and qualified sheriff of Wilbarger county. On account of certain proceedings instituted against him for malfeasance in office, the judge of the district court temporarily suspended him from said office, and appointed Boger, appellee, sheriff pro tem. to perform the duties of said office until the next March term of the district court of Wilbarger county, at which term the proceedings against Stewart were to be heard. Boger qualified as sheriff pro tem., and entered upon the discharge of the duties of the office. Mean time, Stewart, the old sheriff, perhaps not desiring any further investigation as to his official conduct, resigned his office as sheriff, and the commissioners’ court of Wilbarger county, believing that such resignation created an actual and absolute vacancy in the office, on December 31, 1883, appointed appellant Chowning sheriff of said county, and he at once qualified as such. Boger refused to surrender the office to Chowning, and continued to and did exercise the functions of the office until the next March term of the district court for said county. Chowning instituted proceedings against Boger in the nature of quo warranto, but dismissed the same. At the March term of the district court, the judge declared the office of sheriff of Wilbarger county still vacant, and that Boger’s acts as sheriff were legal, and rendered judgment, award* ing Boger all the fees, perquisites and emoluments- of said office from the time of his appointment until a sheriff should be legally appointed and qualified. Chowning then resigned as sheriff, and brought this suit against Boger to recover the fees, emoluments and perquisites of said office from December 31, 1883, the date of his appointment by the commissioners’ court, to March 25, 1884, the date of his resignation, alleging that said fees, etc., amounted to $730.60, and were unlawfully withheld from him, and had been illegally appropriated by said Boger. The case was tried by the judge without a jury, and he rendered judgment for the defendant Boger, *652 from which Ohowning has appealed to this court. Held: The first question for decision is, was the office of sheriff made vacant by the resignation of Stewart? In Byars v. Crisp [ante, p. 619] we held that an unconditional resignation of a county judge, sent to the commissioners’ court to take effect-at once, created -a vacancy in the office, eo instanti, which vacancy could be filled only by the commissioners’ court until the next general election. With regard to the office of sheriff, the statute provides “ Should a vacancy occur in the office of sheriff, the commissioners’ court of the county shall fill such vacancy by appointment; and the person appointed, after qualifying in the manner provided by law for persons elected to said office, shall discharge the duties of sheriff for the unexpired term, and until the election and qualification of his successor.” [R. S. art. 4515.] In so far, then, as Stewart was concerned, if he can be legitimately considered as the regular sheriff of the county at the date of his resignation, a vacancy in the office was created eo instanti by such resignation, which vacancy the commissioners’ court alone had authority to fill, and the person appointed by that court would ipso facto become the sheriff.
§ 743. Officer de jure and de facto; district judge may appoint sheriff, when. The next question is, was Stewatt at the date of his resignation the sheriff? He was de jure but not de facto. He had been legally suspended from office pending legal proceedings against him for removal from office, and Boger for the time being had been legally appointed by the district judge, under the express authority of the law, to discharge the duties of said office. [R. S. art. 3409.] Boger, by virtue of such appointment, was sheriff de facto at the time of Stewart’s resignation. Stewart’s resignation did not create a vacancy in the de facto, but in the de jure office. Suppose Stewart, the de jure officer, had not resigned, and had been acquitted of the charges against him, could he have recovered the fees of the office which had been re *653 ceived by Boger for services rendered while exercising the functions of the office? If not, then it is clear that Chowning is not entitled to recover such fees, because Chowning was Stewart’s successor and a de jure officer. But if Stewart could, under the circumstances supposed, recover the fees, Chowning can, for after Stewart’s resignation he was de jure sheriff, to the same extent that Stewart had been.
§744. Fees of office; rights of de jure officer to, as against a de facto officer. A de jure officer is one who has the legal title; a de facto, one who has a colorable title accompanied by possession or incumbency. It is the settled doctrine in New York, “that the right to the salary and emoluments of a public office attach to the true, and not to the mere colorable title. That actual incumbency, merely, gives no right to the salary or compensation.” [1 Denio, 579; 46 N. Y. 382; 30 Barb. 193; 6 Abb. Prac. 296. See, also, 1 Taunt. 112; 42 N. H. 56; 7 S. & E. 392.] “ The principle is, that the right follows the true title, and the courts will not aid the intruder by permitting him to recover the compensation which rightfully belongs to another. That an officer merely de facto has no right to the compensation of the office, also clearly appears from the consideration that, if he obtained it, he is liable on an action for money had and received by the officer de jure to recover it.” [Harwood v. Wood, 2 Lee, 245; Glasbeck v. Lyons, 20 Ind. 1; Dolan v. Mayor, 68 N. Y. Ct. App. 274.] In Dorsey v. Smyth, 28 Cal. 21, it is held: “When the question as to who is the legal successor of an officer is in litigation upon a point of law, the officer is bound to know who his successor is, and if the legal successor qualifies and demands the office, and the incumbent refuses to deliver it up, upon the termination of the litigation he becomes a trespasser db initio. One having the legal, right to an office, but not in possession of the same, is entitled to the salary for the term for which he was elected; and the payment of the salary to the one in possession of the office without title will *654 not prevent the one having the title from recovering the salary.” In Mayfield v. Moore, 53 111. 429, which was an action to recover fees received by a de facto officer, it is said: We also find that the authorities have gone still further, and held that where a person has usurped an office belonging to another, and received the accustomed fees of the office, money had and received will lie at the suit of the person entitled to the office against the intruder. [Aris v. Strikly, 2 Mod. 260; 1 Sel. Nisi Prius, 68. ] The same rule was announced and enforced in the case of Croskie v. Hurley, 1 Alcock & Napier, 431. In this last case there was a contest as to the title to the office, and the person recovering the title to it sued the other who had acted, and recovered the fees and emoluments received while in possession and exercising the duties of the place. The same rule has been adopted in this country, and seems to be based in common law rules. It is said by Blackstone in his Commentaries, vol. 2, p. 36, that officers have a right to exercise a public or private employment, and to take the fees and emoluments thereto belonging, and are also incorporeal hereditaments, whether public, as those of magistrates, or private, as bailiffs, receivers, or the like; for a man may have an estate in them, either to him and his heirs, or for a term of years, or during pleasure only; save only that offices of public trust cannot be granted for a term of years, especially If they concern the administration of justice, for then they, perhaps, might vest in executors or administrators. Thus it is seen that the right to the fees and emoluments are státed to be co-extensive with the office. This is undoubtedly correct, as it is analogous to every other thing capable of ownership. No principle of law can be clearer than that the owner of lands' or chattels is entitled to the products, increase or fruits flowing from them. The fees of an office are incident to it as fully as are the rents and profits of lands, the increase of cattle or the interest on bonds or other securities. . A person owning any of those things is, by virtue of such owner *655 ship, equally entitled to the issues and profits thereof as to the thing itself. If, then, the appellant was the owner of and held the office of sheriff, he was. as clearly invested with the right to receive the fees and emoluments. They were incident to, and as clearly connected with, the office, as are the rents and profits to real estate, or interest to bonds, or such like securities. [See Glasscock v. Lyons, 20 Ind. 1; Petit v. Rosseau, 15 La. 239; Dancy v. Smith, 28 Cal. 21; People v. Tiernan, 30 Barb. 193.] We think that, on both reason and authority, appellant is entitled to recover the fees and emoluments arising from the office while it was held by appellee.” Prom these authorities, we are of the opinion that appellant Chowning was, as de jure sheriff of Wilbarger county, entitled to recover for the fees of said office from the date of his appointment by the commissioners’ court.
May 27, 1885.
§ 745. Measure of recovery in action for fees of office; equitable adjustment of. But, inasmuch as appellee Boger had been legally appointed, and was acting in apparent right, and without any fraud in the premises, “ he should only be required to account for the fees and emoluments of the office received by him, after deducting reasonable expenses in earning them. This being an equitable action, it should be governed by the same rules that would obtain ■ had this been a bill for an account, instead of an action for money had and received. He should have only a reasonable allowance for the necessary expense in earning them. Had he intruded into the office without pretense of legal right, a different rule would apply.” [Mayfield v. Moore, 53 Ill. 429.]
Reversed and remanded.