sufficient to render a judgment thereon. The verdict finds on the issues joined in favor of the bank and against the surety, without finding the amount due. But the amount of the recovery against the surety is fixed by the verdict and judgment in the defendant's favor against the plaintiff in replevin, in the absence of a plea of payment since the recovery thereof. It was for Richardson to show cause, why the same judgment should not be rendered against him as was rendered against Catharine Woog, his principal. The effect of the verdict against him was that he had failed to show cause. The judgment against the principal is a part of the record in this action. Being concluded by the recovery against his principal, and no claim of part payment having been made, the amount of the recovery against him was fixed and determined, and was not in issue. Upon such verdict judgment should be rendered for the amount of he recovery against Catharine Woog. The motion for a new trial will be overruled, and judgment rendered against the surety.

Snodgrass & Schuebly, for defendant.

T. E. Scroggy, for Richardson.

(Affirmed by the Circuit Court, October Term, 1895.)

---

(Court of Common Pleas of Lucas County, Ohio.)

## MYRON T. PALMER v. FRANCIS L. S. DARBY.

In an action under sec. 6778, Rev. Stat., to recover the damages sustained by the plaintiff by reason of the usurpation by the defendant of the office of member of a village council, the attorney's fees and expenses incurred by the plaintiff in his action to oust the defendant from the office cannot be recovered.

(Decided November 18, 1895.)

PUGSLEY, J.

This case is before the court upon a demurrer to the amended petition. The plaintiff alleges in substance that on the 12th day of April, 1894, while he was a duly appointed and acting councilman of the village of Wauseon, in this state, the defendant wrongfully usurped said office, and wrongfully kept him out of the possession of his said office, until the 5th day of November, 1894; that upon the 11th day of May, 1894, the plaintiff commenced a civil action in quo warranto against the defendant in the Circuit Court of Fulton county to recover the said office and to obtain a judgment of ouster therefrom against the defendant. He alleges that such proceedings were had in that action that upon the 31st day of October, 1894, the Supreme Court of the state, to which the action had been taken on error, adjudged and decreed that the defendant be ousted from said office, and that the plaintiff be restored to the possession of the same. The plaintiff further alleges that by reason of the usurpation of said office by the defendant he was obliged to employ attorneys, and was put to great expense in and about ousting defendant therefrom, to his damage in a certain sum. And he attaches to his petition and makes a part of it an itemized account of these alleged expenses.

The question raised by the demurrer involves the construction of sec. 6778, Rev. Stat., which reads as follows:

"Such person may at any time within one year after the date of such judgment bring an action against the party ousted, and recover the damages he sustained by reason of such usurpation."

"Such person" referred to in this section, is the person averred to be entitled to an office, in whose favor a judgment is rendered in the quo

warranto action; and the question to be determined is, whether the attorney's fees and expenses incurred by the plaintiff in the quo warranto· action are damages sustained by reason of the usurpation.

There is no reported case in which sec. 6778 has been construed or referred to; and while there are numerous decisions in other states having a similar statute wherein the rule as to damages recoverable has been announced, no case has been found in which the right to recover such attorney's fees or expenses has been claimed or considered. And, I will add, that no case is referred to where an action has been brought to recover damages for the usurpation of an office which is purely honorary—that is, which has no salary or emoluments attached to it.

The plaintiff relies chiefly upon the decisions of the Supreme Court in actions upon injunction and attachment undertakings. Where a temporary injunction is allowed, the undertaking required by law to be given is conditioned to secure to the party enjoined the damages he may sustain, if it be finally decided that the injunction ought not to have been granted; and in attachment cases, the undertaking is to the effect that the plaintiff shall pay the defendant all damages which he may sustain by reason of the attachment, if the order prove to have been wrongfully obtained. It is held that attorney's fees and expenses necessarily incurred in obtaining the dissolution of an injunction are damages sustained by reason of the injunction, and may be recovered in an action upon the injunction undertaking; but where no motion is made to dissolve the injunction, and the injunction remains in force until the final hearing when the petition is dismissed and the injunction is dissolved, attorney's fees and expenses incurred in defending the action are not damages sustained by reason of the injunction, and cannot be recovered in an action upon the undertaking. Noble v. Arnold, 23 Ohio St. 264; Riddle v. Cheadle, 25 Ohio St. 278. And it is held that in an action upon an attachment undertaking reasonable costs and expenses in procuring the discharge of the attachment and the restoration of the attached property, may be recovered as damages sustained by the attachment. Alexander v. Jacoby, 23 Ohio St. 358.

Counsel for the plaintiff also referred to the decisions of the Supreme Court which hold that in an action to recover damages for a tort, involving malice, or fraud, or oppression, exemplary damages may be allowed, and in such a case, that the jury in their estimate of compensatory damages may take into consideration reasonable fees of counsel employed by the plaintiff in the prosecution of his action. Manifestly, these latter decisions do not aid us in solving the question in dispute. In the first place, it is not alleged in the petition, and no claim is made, that the defendant in retaining the office from which he was ousted acted maliciously or oppressively, or in bad faith. It does not appear but what he honestly believed, and had good reason for believing, that he was entitled to hold the office. In the next place, even if exemplary damages were recoverable in this action, the counsel fees which, under the decisions referred to, may be considered, are only such as are incurred by the plaintiff in prosecuting this action.

The case of State ex rel. King v. Kromer, 38 Wis. 547, was also cited by the plaintiff. It was held there that in the case of an information by the attorney general on the relation of a private person against one who has usurped a public office, no attorney's fees should be taxed. Counsel argue that by this decision it is implied that where an information is filed by a private person, without the intervention of the attorney-general, as in this case, it would be proper to tax attorney's fees. I think that there has been a wrong understanding of that decision. By statute in Wiscon-

sin, in a civil action, certain items of attorney's fees for the various steps taken in the action are allowed and taxed as a part of the costs. The practice had grown up in that state of not taxing these attorney's fees in actions brought by the attorney-general, and this practice was approved by the Supreme Court in the case cited, on the ground that the action is brought in the right of the state; that the attorney-general is the attorney of record, holding a public office and receiving a salary for his services, and that although other counsel might be employed by the relator to assist him, it would be unbecoming in such a case to tax attorney's fees. The decision has reference solely to the practice of that state to which I have alluded, and has no value as a precedent in this state, where no such practice prevails. The rule as to the basis of recovery in an action against the usurper of an office to recover damages for the usurpation was not in any way involved in that case.

Counsel for defendant refer to the case of Shaw v. Mayor, 19 Ga. 468. In that case the plaintiff was removed from an office by the mayor and council of the city of Macon, and he brought this action against the mayor and council to recover the salary that would have accrued to him had he been permitted to remain in the office, and also the expenses incurred by him in defending himself against the charges for which he was removed. It was held that his damages were such as necessarily resulted from his removal from the office, namely, his salary and perquisites; and that he could not recover money expended for counsel fees in defending himself against the charges. That case is distinguishable from the case at bar. It was not an action against an intruder to recover damages for the usurpation of an office; and manifestly, the moneys expended by the plaintiff in defending himself against the charges for which he was removed were not damages sustained by him in consequence of the removal; he was not removed until after these expenses had been incurred. So that this case also does not afford us any assistance.

The precise question as to the rule of damages in actions against an intruder to recover for a wrongful exclusion from office, both at common law and under the statute, has been considered in a large number of adjudged cases; and in all of these cases, without exception, the recovery has been limited to the salary, or fees, or emoluments of the office which had been received by the intruder. There is some conflict in the decisions as to the extent of the recovery within that limit; but in none of these cases has the right to recover attorney's fees or other expenses incurred in ousting the intruder been hinted at by court or counsel. The decisions are based on the ground that the office has a money value, and that the loss of salary or the perquisites which the intruder has received is the pecuniary loss which has directly and necessarily resulted from the usurpation. I will cite some of these cases: Nichols v. McLean, 101 N. Y. 526; Kessel v. Zeiser, 102 N. Y. 114; People v. Nolan, 101 N. Y. 539; Stoddard v. Williams, 65 Cal. 472; People v. Miller, 24 Mich. 458; Glascock v. Lyons, 20 Ind. 1; Douglass v. State, 31 Ind. 429; State v. Tate, 70 N. C. 161; Bier v. Gorrill, 30 W. Va. 95; U. S. v. Addison, 6 Wall. 291; Mayfield v. Moon, 53 Ill. 428; Segur v. Renshaw, 10 La. Ann. 297; Petit v. Rousseau, 15 La. Ann. 239 Cooley on Torts, 351.

The statutes in most of the states whose decisions are cited, namely, in New York, California, Michigan, Indiana, Louisiana and North Carolina, are similar to and in some cases identical with sec. 6778, Rev. Stat. of Ohio; and in many of these states the same rule prevails, as in Ohio, as to the recovery of attorney's fees in actions upon injunction and attachment undertakings.

The only authorities, therefore, which can materially aid us in solving

the question at issue, are the decisions of the Supreme Court of this state in the injunction and attachment cases, and the unbroken line of decisions rendered by the courts of other states in cases similar to the case at bar.

By section 6760, Rev. Stat., the action or proceeding in which the expenses were incurred for which this suit is brought, is denominated a civil action. By sec. 6774, in such an action, when the defendant is found guilty of usurping the office, judgment shall be rendered that such defendant be ousted therefrom, and that the plaintiff recover his costs. The defendant who simply defends himself against the plaintiff's action, as he has the undoubted legal right to do, if unsuccessful, is required to vacate the office and pay the costs of the action. That is all. In the absence of a statute, neither party to an action is required to pay the expenses or attorney's fees of the other party. In such a case the payment of the taxable costs is regarded as sufficient recompense to the successful party. It is, therefore, quite clear, that the defendant is not required to pay the plaintiff's attorney's fees and expenses unless it is required by the proper construction of sec. 6778. At common law, independent of any statute, the successful claimant to an office could recover damages of the usurper for wrongfully excluding him from the office, and according to the great weight of authority, the measure of damages was the salary or emoluments of office received by the usurper. The statute has not changed the rule of the common law. It does not attempt to define what are damages sustained by reason of the usurpation, but it leaves the measure of damages to be determined on common law principles. I am not persuaded that the decisions in the injunction and attachment cases require such a construction of the statute as to compel the payment of the attorney's fees and expenses. The case of a plaintiff who has wrongfully brought an action and obtained an injunction or attachment, and given a statutory bond to pay the damages, stands upon a different footing from the case of a defendant who, in the exercise of a legal right, has simply defended an action brought against him by the plaintiff. In the former case, the expenses of the defendant in procuring a dissolution of the injunction or attachment are rendered necessary by the wrongful act of the plaintiff in obtaining such injunction or attachment. They have resulted, not from his own act, but from the act of the plaintiff in bringing the suit, and are covered by the bond which, under the statute, the plaintiff is required to give in that suit. In the latter case, the expenses of the suit which the plaintiff seeks to recover have resulted entirely from his own voluntary act in bringing the suit. If he had not brought the suit, he would not have incurred the expenses. How, then, can they be said to have resulted from the usurpation of the office by the defendant? It is true, that if the plaintiff is desirous of ousting the defendant from the office it is necessary for him to bring his action and incur these expenses; just as the plaintiff is obliged to bring his action and incur expenses in order to collect a just debt. But such expenses, in the first case, are not damages sustained by reason of the usurpation any more than the expenses in the other case are damages sustained by reason of the non-payment of the debt.

If the office in question in this case was a salaried office, I should be compelled to hold, in view of the authorities referred to, that the rightful incumbent could recover of the intruder as damages for his wrongful exclusion from the office nothing beyond the salary or emoluments of the office actually received by the intruder. And if the rightful incumbent cannot recover his attorney's fees in an action for the loss of a salaried office, there seems to be no reason why he can recover them when the office is not salaried. Under the statute, he may recover the damages sustained by reason of the usurpation; if none are sustained, then none can

be recovered. The fact that the office has no money value, and that the plaintiff has not sustained any pecuniary loss by being deprived of it, would seem to be an additional reason why expenses voluntarily incurred in recovering it are not the legitimate subject of damages. While it might be just to require the intruder to pay the expenses incurred in ousting him, in the absence of any specific statutory provision to that effect, I am compelled to hold that an action to recover such expenses cannot be maintained. The demurrer is therefore sustained.

Plaintiff excepted.

Hurd, Brumback & Thatcher, for plaintiff.

W. W. Touvelle and Doyle, Scott & Lewis, for defendant.