[No. 1276, August 25, 1910.]

SOFIA GARCIA DE VIGIL, Administratrix of the Estate of Eslavio Vigil, Deceased, v. ANDREW B. STROUP, Appellee.

### SYLLABUS.

1. A de jure officer may recover from a de facto officer, fees and emoluments of the office which the de facto officer had wrongfully intruded upon and held. Albright v. Sandoval, 14 N. M. 345.

2. In this Territory the writ of quo warranto is a writ of grace and not of right and can only be obtained by permission of the attorney general, and a private person cannot have the writ to adjudicate his title to an office. The proceeding in the nature of a quo warranto goes only to removing the intruder.

3. A de jure officer may maintain an action to recover from a de facto officer the fees and emoluments of the office

Vigil v. Stroup.

without having first his title established by a proceeding in quo warranto.

4. The effect of a judgment of ouster in quo warranto would only have put the intruder out of office and would not have put plaintiff in.

5. If the commission of the governor reciting a vacancy and appointing defendant to fill it, was a nullity, it should not be permitted to stand unless grave public interests require it, and certainly not as between individuals. No such public reasons exist why the title of the defendant should stand unimpeachable.

Appeal from the District Court for Bernalillo County, Reversed.

BACA & LOUGHARY for Appellant.

The de jure officer may recover from the de facto officer the salary and fees of the office received by the latter. Sandoval v. Albright, 93 Pac. Rep. 717, N. M., and cases cited pp. 718, 719; 1 Selwyn's Nisi Prius. 81; Boyter v. Dodsworth, 6 Term Rep. 681; Allen v. McKean, 1 Sumner 317; Powell v. Milbank, 1 Term Rep. 399; Glasscock v. Lyons, 38 Am. Dec. 299; Howard v. Wood, 2 Lev. 245; Lightly v. Clouinston, 1 Taunt. 112; Dolliver v. Parks, 136 Mass. 499; Schlencker v. Risley, 3 Scammon 483, 38 Am. Dec. 101; Mayfield v. Moore, 53 Ill. 428; Wenner v. Smith, 9 Pac. Rep. 293, 298 and authorities cited; Pooler v. Reed., 73 Maine, 129-130; People v. Webber, 89 Ill. 348, 384; Territory ex rel. Hubbell v. Armijo, 89 Pac. Rep. 267; South Ottawa v. Perkins, 94 U. S. 260, 24 L. ed. 158; Stadler v. City of Detroit, 13 Mich. 346, 349; People v. Norstrand, 46 N. Y. 375, 382, 383; Waterman v. Chicago and Iowa R. R. Co., 32 Am. St. Rep. 235; Inhabitants of Springfield v. Butterfield, 56 Atl. Rep. 581, 582; Bates v. Clark, 95 U. S. 204, 24 L. ed. 471, 473; Poindexter v. Greenhow, 114 U. S. 270; Short v. Symmes, 150 Mass. 299; Fowler v. Bebee, 9 Mass. 234; Howard v. Wood, 2 Lev. 245; People v. Tieman, 30 Barb., N. Y.

193, 194; Stratton v. Oulton, 28 Cal. 45, 51, 58; Pearce v. Hawkins, 2 Swan, Tenn. 89; Conklin v. Cunningham, 7 N. M. 445, 454, 455; Eldodt v. Territory, 10 N. M. 141, 145, 149; Hubbell v. Armijo, 13 N. M. 490; Hunter v. Chandler, 45 Mo. 452, 454, 456, 457; Bradshaw v. Sherwood, 42 Mo. 179; Turnipseed v. Hudson, 19 Am. Rep. 663.

The action of the Governor in attempting to remove appellant from the office of superintendent of schools, is reviewable in this action. Territory v. Ashenfelter, 4 N. M. 93; Territory ex rel. Hubbell v. Armijo, 98 Pac. 267; 23 Cyc. 681, and authorities cited at note 86; Waldron v. Harvey, 46 S. W. Rep. 603; Rice v. Allen, 95 N. W. Rep. 404; Beaudroit v. Murphy, 30 S. E. Rep. 825, 826; Kingsborough v. Tousley, 47 N. E. Rep. 541, Ohio; C. L. 1897, sec. 2685, sub-sec. 45; Hallack v. Loft, 34 Pac. Rep. 568, Colorado; Starbuck v. Murray, 5 Wend., N. Y. 158, 159; ex parte Neilson, 131 U. S. 178; Board of Com. Lake Co. v. Platt, 79 Fed. 567; People v. Liscomb, 60 N. Y. 559; State v. Seay, 64 Mo. 89; Shanborn v. Fellows, 22 N. H. 473, 489; De Baca v. Wilcox, 11 N. M. 353.

HUGH J. COLLINS for Appellee.

Where one has received an appointment to a public office, from an authority vested with power to make such appointment, and is qualified in accordance with the statutory requirements, the law will presume, in the first instance, that appointment was legal, and that appointee is the rightful incumbent to the office designated. Conklin v. Cunningham, 7 N. M. 445; Eldodt v. Territory, 10 N. M. 141; Hubbell v. Armijo, 13 N. M. 490; 12 A. & E. Enc. Law 147, 1 ed.; Werner v. Smith, 9 Pac. Rep. 297; Bradshaw v. Sherwood, et al., 42 Mo. 179; Hunter v. Chandler, 45 Mo. 457, 458; Waterman v. Chicago & Iowa Ry. Co. 32 Am. St. Rep. 228; McManus v. City of Brooklyn, 5 New York, Supp. 424; Hagan v. City of Brooklyn, 5 N. Y., Supp. 425; 17 Iowa 525; 17 Conn. 585; 22 Mo. 180; 38 Mo. 544; 35 Mo. 156; 36 Mo. 71; 34 Mo. 395.

Quo warranto is the proper action when the person

Vigil v. Stroup.

proceeded against is either a de facto or de jure officer in possession of the office. Eldodt v. Territory, 10 N. M. 141; People v. Quail, 2 Wend. 12; People ex rel Peter Rumple v. Board of Supervisors Kings County, 96 N. Y., Sup.; Court Reports, 89 Hun. 38; Wood v. Peake, 8 Johns 69; Wyldie v. Washburn, 16 Johns 49; The People v. ex rel Seeman, 5 Denio 109; People v. Head, 25 Ill. 290; High on Legal Remedies, secs. 73, 75; Cornwall v. Lambert, 10 Minn. 369; Cornwell v. Athren, 3 Mass. 268; Re Strong Petitioner, 20 Pick 495; Ewing v. Turner, 35 Pac. 951; State ex rel v. Churchill, 75 Minn. 455; People ex rel Kelly v. Common Council, N. Y. 503; People ex rel Hodgkinson v. Stevens, 5 Hill 628; Morris v. People, 3 Den. 396; People v. Lane, 55 N. Y. 217; Wren v. Goetting, 133 N. Y. 569; Auditors Wayne Co. v. Benoit, 20 Mich. 176; Hubbell v. Armijo, 13 N. M. 490; Griebel v. State, 111 Ind. 369, 12 N. E. Rep. 700; Williams v. State, 6 S. W. 845; State v. Owen, 63 Tex. 261; Owen v. State, 64 Tex. 500; State v. Meehan, 45 N. J. 189; Territory v. Ashenfelter, 4 N. M. 85, 12 Pac. 879; People v. Waite, 70 Ill. 25; Algood v. Jones, 60 N. H. 543; People v.Callahan, 83 Ill. 128; State v. Hickson, 27 Ark. 398; Colwell v. Bell, 6 Ark. 227; Hull v. Superior Court, 63 Cal. 174; People v. Scannell, 7 Cal. 433; Palmer v. Woodberry, 14 Cal. 43; State v. Buckley, 61 Conn. 290; Harrison v. Simmons, 44 Conn. 318; Duane v. McDonald, 41 Conn. 517; State v. North, 42 Conn. 86; Smith v. People, 140 Ill. 167; People v. Whitcomb, 55 Ill. 172; State v. Gallagher, 81 Ind. 558; Babriel v. State, 111 Ind. 369; Brown v. Cohen, 122 Ind. 113; Parson v. Durand, 150 Ind. 203; State v. Wilson, 30 Kan. 666; Neilson v. State, 39 Kan. 154; Tillman v. Otter, 93 Ky. 600; French v. Cowan, 79 Me. 426; Commonwealth v. Allen, 128 Mass. 310; Atty. Gen'l. v. Surmon, 111 Mass. 258; Con. v. Hawks, 123 Mass. 525; Atty. Gen'l. v. Salem, 103 Mass. 138; Fuller v. Ellis, 98 Mich. 96; Lindsey v. Atty. Gen'l., 33 Miss. 338; Loper v. Millville, 53 N. J. L. 362; Robersin v. Bavonne, 58 N. J. L. 325; Brown v. Meehan, 45 B. J. L. 189; People v. Lane, 55 N. Y. 219.

Where the title of an office is in dispute, the right

to the salary, fees and emoluments thereof, cannot be tried until the right to the office itself has been finally determined. Meredith v. Sacramento Co., 50 Cal. 433; Dorsy v. Smyth, 208 Cal. 21; Carroll v. Seibenthaler, 37 Cal. 193; Lee v. Wilmington, 1 Mary, Del. 65; Garley v. Louisville, 47 S. W. 265; Dickerson v. Butler, 27 Mo. App. 9; Hagan v. Brooklyn, 126 N. Y. St. Rep. 944; Selby v. Portland, 14 Oregon, 243, 58 Am. Rep. 307; 17 Enc. of P. & P., pp. 163, 407; Conklin v. Cunningham, 7 N. M. 445; Eldodt v. Territory, 10 N. M. 141; McVeany v. New York, 80 N. Y. 185; 14 Barb., N. Y. 173; Brady v. Theritt, 17 Kan. 471; Desmond v. McCarty, 17 Iowa, 525; Gilray's Appeal, 100 Pa., State Past 5; Commonwealth v. Graham, 64 Past 342; Jenkins v. Baxter, 160 Past 200; 25 Ill. 325; 41 Mo. 247; 9 Pac. 297; 52 Ala. 559; 14 Am. & Eng. Enc. of Law, 3 P. 143; Deane v. State, 56 Neb. 302; Hubbell v. Armijo, 89 Pac. Rep. 267; Glasscock v. Lyon, 38 Am. Dec. 299; Allen v. McKeen, 1 Fed. Cases 489; Dolliver v. Parks, 136 Mass. 444; Schlenkner v. Risley, 3 Scammon 483, 38 Am. Dec. 101; Mayfield v. Moore, 53 Ill. 428; Werner v. Smith, 9 Pac. 293; Pooler v. Reed, 73 Me. 128, 130; People v. Weber, 89 Ill. 348; Stevens v. People, 89 Ill.; South Ottawa v. Perkins, 94 N. S. 260; Stadler v. City of Detroit, 13 Mich. 346; People ex rel. Norstrand, 46 N. Y. 375; Waterman v. Chicago & Iowa Ry. Co., 32 Am. States Rep. 235; Springfield v. Butterfield, 55 Atl. 581; Bates v. Clark, 95 U. S. 204; Poyndexter v. Greenhow, 114 U. S. 270; Fowler v. Basbe, 9 Mass. 243; People v. Tienan, 30 Barb., N. Y. 193; Stratton v. Oulton, 28 Cal. 45; Pearce v. Hawkins, 2 Swan, Tenn. 89; Baca v. Parker, 13 N. M. 466; Deane v. State, 56 Neb. 302; Albright v. Territory, 13 N. M. 72.

The action of the Governor in attempting to remove appellant from office of superintendent of schools is not reviewable in this action. Conklin v. Cunningham, 7 N. M. 459, 460; Eldodt v. Territory, 10 N. M. 148, 149.

### STATEMENT OF THE FACTS.

Vigil who was plaintiff below, alleged in his complaint that at the November election, 1904, he had been

Vigil v. Stroup.

duly elected superintendent of schools for the County of Bernalillo for the term beginning January 1st, 1905, and ending December 31st, 1906; that he duly qualified and entered upon the discharge of the duties of said office and continued in the discharge thereof until September 7, 1905, when the defendant with force and arms and intimidation wrongfully took possession of said office against the protests of plaintiff, and that the defendant collected the fees of said office for the unexpired portion thereof; and the plaintiff prayed a recovery of such fees from the defendant. The defendant answered admitting the election and qualification of the plaintiff, but denied that he did with force and arms take possession of the office, alleging, however, that there was a vacancy in said office on August 31, 1905, and that the governor of the Territory duly commissioned and appointed defendant to fill such vacancy, and further denied owing plaintiff any sum of money whatever. To which answer the plaintiff made reply admitting the issuance of the commission of appointment and the appointment by the governor, but denied that at the time alleged in the answer there was a vacancy in said office and also denied that the governor had any right, power or authority to appoint defendant to the office, or to remove plaintiff therefrom, and charged the defendant's appointment so made was without legal force or effect and was void.

To the reply and complaint defendant filed a demurrer stating as grounds thereof that this action is not maintainable:

(a) Because it necessarily involved the trial of the title of the office of superintendent of schools of Bernalillo County.

(b) Because the possession of the commission of the governor gave defendant a prima facie title to the office, which title could not be questioned except in proceedings in the nature of a quo warranto.

The court below sustained the demurrer and entered judgment dismissing the complaint, from which judgment the plaintiff appeals.

## OPINION OF THE COURT.

MECHEM, J.—I.    It was settled in Albright v. Sandoval, 14 N. M. 345; 216 U. S. 340, that a de jure officer might recover from a de facto officer, fees and emoluments of the office which the de facto officer had wrongfully intruded upon and held.  But in that case it was not necessary to advert to the question of title because therefore Albright had been ousted in a quo warranto proceeding brought by the attorney general to try his title.

The question here is, can a de jure officer recover from a de facto officer the fees and emoluments of the office without having first had his title established by a proceeding in the quo warranto?

It will be observed that in this case at the time this suit was brought the term of office to which Vigil had been elected had expired.

This is an action solely for the recovery of the fees of an office.

In the case of Allen v. McKeen, 1 Sumner 276, in which Allen sought to recover from the treasurer of the college fees and emoluments of the office of the president, of which office he, Allen, had been unjustly deprived and another intruded upon him, Justice Story said:

"It is a very clearly established principle of the law that if one man receive money, which ought to be paid to another or belongs to him, this action for money had and received will lie in favor of the party to whom of right the money belongs, so it is laid down by Lord Chief Justice Willes in Scott v. Surnam, Willes R. 400, and the doctrine has since been adhered to.  Nor is there any difficulty in maintaining such a suit, simply because it involves a trial of the title to office, if the party has been once in possession.  Upon this point nothing more is necessary than to refer to Arris v. Stuckley, Mod. R. 206, and Boyter v. Dodsworth, 6 Term R."

In the case of Glascock v. Lyons, 20 Ind. 1, which was a suit brought by a de jure officer against a de facto officer to recover fees, the court said:

"As before observed, the office had been rightly in the

possession of the person entitled thereto, and he had been ousted by an intruder, an action for money had and received would lie in his favor against the usurper to recover the fees, when fixed or customary fees are incident to the same; and in that action the title to the office may be determined. This was settled as long ago as the time of. Charles the Second, Howard v. Wood, 2 Levinz's Rep. 245, see Lightly v. Clounston, 1 Taunton 112, in which Heath, J., lays down the broad proposition, that the title of an office under an adverse possession, may be tried in an action for the fees of the office had and received."

In Hunter v. Chandler, 45 Mo. 456, suit was brought by a de jure officer to recover of the de facto officer, the de jure having under a statute allowing a private person to have his rights to an office adjudicated, to exhibit an information and on his own motion have proceedings in the nature of a quo warranto; plaintiff had commenced proceedings to adjudicate his title but before final determination the defendant had voluntarily withdrawn, after which plaintiff dismissed his information and brought suit for money had and received and the court in its opinion after citing Glasscock v. Lyons, *supra,* Allen v. McKeen, *supra,* and the other cases cited by them as authority for holding that:

"An action for money had and received would lie in favor of a person really entitled to an office, against one who had usurped and intruded into the same, for the recovery of the known and fixed fees that such intruder may have received."

Further said that: "Where a party had once been in possession, and he was unlawfully ousted by an intruder, there might be no difficulty in applying the rule laid down by Justice Story, in Allen v. McKeen. But where such is not the fact, and the title was in doubt, such a principle would be productive of the greatest confusion and would lead to unnecessary litigation. I am aware that there are very respectable authorities holding that the title to an office may be determined in a suit for fees. The old English cases strongly sustain this view; but I think the better doctrine and reason is to the contrary. In the case of

the state to the use of Bradshaw v. Sherwood et al., 42 Mo. 179, we decided that an action would not lie to recover damages for being deprived of an office where the plaintiff did not claim the office and another was in possession; that it was necessary for the plaintiff first to establish his right in a proceeding for that purpose in order to show that he was damnified. With that decision we are satisfied, and see no good reason for departing from it. The right or title to an office ought not to be determined in a civil action of this kind. A party should not be permitted to sleep on his right and let another person perform services and then claim the compensation which was the result of the labor performed. When the defendant obtained possession of the office, the plaintiff should have either proceeded to contest his right, or resorted to his quo warranto; and upon judgment rendered in his favor, he then might have maintained his action for the recovery of the fees and emoluments of which he had been unjustly deprived."

In this Territory, however, the writ of quo warranto is a writ of grace and not of right and can only be obtained by permission of the attorney general, and a private person cannot have the writ to adjudicate his title to an office and indeed the proceeding in the nature of a quo warranto goes only to removing the intruder and no further. Albright v. Territory, N. M.

Also in this case Vigil had been in possession so that the Missouri cases cited by appellee seem to be rather favorable authority for the appellant's contention.

Our attention is called by counsel for appellee to numerous cases which in his view sustain the proposition that, where the title to an office is in dispute, the right to the salary, fees and emoluments thereof cannot be tried until the right to the office itself has been determined. All of them differ from the case at bar in, first, being cases where the term of office had not yet expired; second, being in states where the person out of possession might on his motion have the writ of quo warranto and under the same statutes in the same proceedings recover his fees.

"When granting relief against one exercising a public office, the court will go no further under its common law

powers than to oust the wrongful possessor of the office and will not give possession thereof to the relator or any other person; but it is generally provided by statute that in addition to a judgment of ouster of the holder of the office, the relator may be installed upon a clear showing that he is entitled to that office, and statutes sometime allow a judgment to be rendered for damages against respondent for loss of fees or salary to relator by reason of being deprived of his office." 32 Cyc. 1464.

And it may be said that no good reason can be given why an action of this kind should not of right be maintained. The defendant, if the complaint and reply, are taken to be true as they must be on demurrer was an usurper and a wrongdoer from the moment he took possession of the office. The plaintiff could only through the grace of the then attorney general have a writ of quo warranto. By such a writ it is true the title of the defendant might have been investigated and held bad, but as outlined in Albright v. Territory, 13 N. M. 64-77, the effect of a judgment of ouster even if the plaintiff had been successful in inducing the attorney general to act, would only have put Stroup out of office and would not have put him in, and after a judgment of ouster against Stroup, the plaintiff might have had to sue out a writ of mandamus, and perhaps if counsel had been sufficiently contentious appeals would have been taken in both cases and the plaintiff after an expensive and tedious litigation would have received a title, or rather his title to the office would have been established. Then if he thought the defendant had not spent all the fees of the office in the precedent litigation, plaintiff could have brought this suit.

II. It is further contended by the appellee, and he raised the point by his demurrer, that this case comes squarely within the rule laid down in the case of Hubbell v. Armijo, 13 N. M. 482, 490, for the reason that the reply admits that the defendant had in his possession the appointment and commission of the governor of the Territory to the office of superintendent of schools.

In Hubbell v. Armijo, Hubbell who had been duly elected treasurer of Bernalillo County sought by injunc-

tion to restrain Armijo, who, as Hubbell alleged in his complaint, held a commission from the governor of the Territory of New Mexico, reciting a vacancy in the office of treasurer of Bernalillo County and appointing Armijo thereto, from exercising the duties of that office or obtaining the paraphernalia, books, papers, etc., belonging to the said office. This court held that the complaint itself containing as it did a commission issued by the governor of New Mexico brought that case within the rule laid down by this court in the case of Territory v. Eldodt, 10 N. M. 141, and Conklin v. Cunningham, 7. N. M. 445, and therefore applying that rule this court said that it would not go behind the recitals of said commission in a collateral proceeding and that Armijo was prima facie the treasurer of Bernalillo County and his right thereto could only be questioned by an action in the nature of a quo warranto. But this court further said:

"Whatever we may think of the authority upon which the cases of Territory v. Eldodt and Conklin v. Cunningham, are grounded, it is nevertheless true that the principle of those cases has become the settled law of this Territory under the decision of this court, and we are loath to disturb them. While those cases may not be upheld by the weight of authority elsewhere we believe that the doctrine of these decisions should be applied and that greater harm would be done to the interests of the public in this Territory by overruling them than by adhering to them." 13 N. M. 490.

In the Territory v. Eldodt and Conklin v. Cunningham cases, both were actions in mandamus by which the holders of prima facie titles, as represented by the governor's commission, sought to compel the delivery to them of the books and other paraphernalia of the offices to which they had been appointed. The doctrine of these cases is summed up in the Eldodt case, 10 N. M. 145, 6, as follows:

"The functions of the writ in such cases are narrow, but they are of vast importance in the orderly administration of government. It is in this very narrowness that the peculiar power and efficacy of the remedy are founded.

There must be some means afforded by the law whereby officials, legally created and qualified may be enabled to enter, without the delay upon the performance of the duties as the law required, and the welfare of society demands that they fulfill, otherwise the course of public administration must be constantly obstructed, and its regularity and usefulness greatly impaired. It is, therefore, the established rule, in this jurisdiction, that the mandamus lies to assist to the possession of the insignia and appurtenances of an office one who shows a clear, prima facie right to it, and that the only question proper to be raised in the proceedings is the question whether a sufficient showing of a prima facie right has or has not been made. The question of the actual or ultimate title is not an issue in the case, and no rival claimant may be permitted to delay the relief sought by raising that issue. Conklin v. Cunningham, 7 N. M. 445.

"If it be argued that this rule, which forbids a full consideration of the legal rights of the respective parties, and refuses to go behind the prima facie showing adduced by the relator, may sometimes work injustice, by ejecting from office one who is actually and lawfully in possession of it, and inducting into his place another whose title thereto is defective and illusory, the answer is plain; the object of the rule is, solely, to secure the systematic and orderly administration of government, and not to adjust disputes of individuals. In the great majority of cases, it is actually true that he who exhibits the prima facie right has also the legal title to the office, and that his opponent is an usurper. In some cases, this is not true; and yet, even here, the general rule must be adhered to though it work temporary individual hardship; for, were it to be departed from in one case, it must be ignored in all; the special value of the proceedings by mandamus —its rapidity would be lost; the relief by mandamus and quo warranto would become, in all practical aspects the same; and there would be no agency known to the law whereby in a grave and critical emergency, the implements, paraphernalia and property of a public office could be speedily delivered over to the lawful incumbent."

No such reasons exist in this case as existed in the three cases above mentioned, nor can any be suggested why the prima facie title of the defendant should stand unimpeachable. The reasons for the doctrine laid down in the Eldodt case are public reasons pure and simple. It is the interest of the public which is being considered in that case and that interest must be subserved even though it may sometime work an injustice and hardship as far as the parties are concerned. These remedies necessarily, according to the view of the court, forbade "a full consideration of the legal rights of the respective parties." But here the public has absolutely no interest. If the commission of the governor reciting a vacancy and appointing Stroup to fill it was a nullity, it should not be permitted to stand unless grave public interests require it, and certainly not as between individuals. As far as the rule announced in Hubbell v. Armijo, *supra,* Territory v. Eldodt, *supra,* and Conklin v. Cunningham, is concerned, its application will not be by this court extended any further than to such conditions as obtained in those cases.

For the foregoing reasons the judgment of the lower court is reversed with instructions to reinstate this cause on the docket and proceed in accordance with this opinion.