C. B. BEARD v. THE CITY OF DECATUR.

(Case No. 5271.)

</div>

1. FEES OF OFFICE — STATUTE CONSTRUED — MUNICIPAL GOVERNMENT — CITY TREASURER.— One who has been duly appointed and who qualifies as treasurer of a city, incorporated under the provisions of the general laws of the state, becomes as such the sole receiving and disbursing officer of the city, and the fidelity of his conduct in the performance of official duty is secured by bond.

2. SAME.— The municipal authorities of such a city cannot, having a treasurer thus appointed and qualified, place its money in the hands of its mayor, or of any one else, to be by him disbursed, and thereby defeat the rights of the treasurer to commissions on money which should have been delivered to such treasurer and by him have been disbursed. When moneys of the city are disbursed by any other agency than by such treasurer, a right of action exists in favor of the treasurer for the amount of commissions he would have received had he disbursed it.
3. SAME.— Though the city council of a city incorporated under general law has power to impose on any of its officers duties other than those prescribed by the general law (R. S., art. 367), it has no power to confer on one officer the powers, duties and rights appertaining to another officer under the law.
4. CASES CITED AND APPROVED.— The People v. Oulton, 28 Cal., 44; The People v. Smyth, 28 Cal., 21; Mayor, etc., v. Woodward, 12 Heisk., 499; Dolan v. Mayor, etc., 68 N. Y.; and The Auditors v. Benoit, 20 Mich., 191, cited and approved.
5. CASES REVIEWED. — The Auditors v. Benoit, 20 Mich., 191; and McVeany v. The Mayor, 80 N. Y., 192, reviewed.

APPEAL from Wise. Tried below before the Hon. C. C. Potter.

Suit brought by C. B. Beard, appellant, against the city of Decatur, alleging that the city was a municipal corporation, under general laws of the state of Texas, and that plaintiff, Beard, was, from August 6, 1882, up to the date of filing this suit, October 15, 1883, the duly appointed, qualified and acting treasurer of the city, and, as such, entitled to all the fees, perquisites and emoluments arising out of or incident to said office, to wit: Two and one-half per cent. for receiving, and two and one-half per cent. for disbursing, all moneys of the city, etc. That on or about April 26, 1883, defendant sold some of its bonds, for which it realized $15,000, for the purpose of building a city hall, etc., and that, for the fraudulent purpose of defrauding plaintiff out of his commissions for receiving and disbursing moneys, the city caused the same to be kept out of plaintiff's hands, and placed in other hands, and by them paid, and the fees therefor paid to others; notwithstanding he was ready, qualified and willing to receive and disburse said moneys as required by law, and had demanded the same of the proper authorities of said city.

To this petition the city filed, amongst other things, a general demurrer, which was by the court sustained, the plaintiff declining to amend.

*L. K. Sparkman* and *L. A. Crane*, for appellant, cited: Jones v. Shaw, 15 Tex., 577; 80 N. Y., 185 (reported in 36 Am. Rep., 600); Mayor, etc., v. Woodward, 12 Heisk., 499 (reported in 27 Am.

Rep., 750), with authorities there cited; Wait's Actions and Defenses, vol. 5, p. 20.

*Geo. W. Trenchard* and *Davis & Garrett*, for appellee.

STAYTON, ASSOCIATE JUSTICE.— If the facts stated in the petition are true, then the appellant was the treasurer of the city of Decatur, and the only authorized custodian of its money.

The law under which the appellee is alleged to have been incorporated provides that the treasurer of the city "shall receive and securely keep all moneys belonging to the city, and make all payments for the same upon the order of the mayor, attested by the secretary;" and to secure the faithful performance of the duties of this officer he is required to give bond in favor of the city in such amount and in such form as may be required by the city council, with such securities as it may approve. R. S., 365.

Thus is the city treasurer, by law, made the sole receiving and disbursing officer of the city, and thus is secured the faithful performance of his duties. If he refuses to receive from collecting officers or from other persons, fails securely to keep, or properly to disburse, the funds of the city of which he is treasurer, he breaks the conditions of his bond. The law provides that a city treasurer "for his services shall receive such compensation as shall be fixed by the city council;" and the petition alleges that it had been so fixed at two and one-half per cent. on moneys received or disbursed.

It appearing from the petition that the sum of $15,000 was received by the city and disbursed while appellant was its treasurer, the question in the case is: Could the city place its money in the hands of its mayor, and have it by him disbursed, and thereby defeat the right of the treasurer to commissions on money which ought to have been delivered to him and by him have been disbursed?

The petition alleges that the money of the city was placed in the custody of its mayor, and that it was by him disbursed, and that this was done for the purpose of preventing the treasurer from receiving the percentage on receipts and disbursements fixed as his compensation; although he was ready and willing to perform his duty in this respect, and demanded that the money should be placed in his custody.

The office of city treasurer having been created by law, his duties prescribed, and his compensation fixed, and there being a duly appointed, accepted and qualified incumbent, it is difficult to perceive

upon what ground his right to compensation could be defeated by the unauthorized deposit of money, of which he was the proper custodian, with some other person, or by the disbursement of such money by any other person, even under the direction of the city council.

To the person legally holding the office belong the perquisites and emoluments attached by law to the office, as fully as does the office itself, and if the city council could not, without cause, deprive the incumbent of the right to exercise the powers and duties of the office, it certainly could not, by any direct or indirect course of action, deprive the incumbent of the right to receive the emoluments and perquisites which the law attaches to the office, and which give to it a value.

The course which the city council, in this case, is alleged to have pursued, was in direct violation of the spirit and letter of the law made to secure the proper custody and disbursement of moneys belonging to the city.

The law provides that such moneys shall be kept and disbursed by a person duly selected for that purpose, who is required to give security for the faithful performance of his duties; while the course pursued placed the money in the hands of an unauthorized person, for whose proper conduct, in reference to its custody and disbursement, no security whatever had been given or was required by law.

That a city council has power to impose on any of its officers duties other than those imposed by the general law is recognized in art. 367, R. S., but this does not empower it to confer upon one officer the powers, duties or rights expressly conferred by law upon another.

The treasurer cannot be authorized to discharge the duties of the mayor, nor can the latter have imposed upon him the powers, duties or rights of the former.

It is urged that the right of the city treasurer to receive compensation depends upon his actual reception and disbursement of the moneys of the city, and that, as he was illegally deprived of the opportunity to do so, although willing, ready and demanding the opportunity to do this, that he cannot recover for the receipt and disbursement of money made by the mayor.

This is a narrow view of the question, and bases the non-liability of the city for the demand of the plaintiff upon its own wrongful act.

Such a rule, we believe, has never been recognized in cases of this character; but on the contrary it has been held, in many cases, that

the salary or emolument annexed to a public office is incident to the title to the office, and not to its occupation and exercise. The People, etc., v. Oulton, 28 Cal., 44; The People, etc., v. Smyth, 28 Cal., 21; Mayor, etc., v. Woodward, 12 Heisk., 499; Carroll v. Siebenthaler, 37 Cal., 195; Dolan v. Mayor, 68 N. Y., 275; McVeany v. The Mayor, 80 N. Y., 192; The Auditors, etc., v. Benoit, 20 Mich., 191.

In the case last cited, after examining cases which were cited to sustain an adverse view, the court said: " The general language employed in these cases, that the right to fees grows out of the rendition of services, is on all logical rules to be understood with reference to the particular facts then before the court, and cannot be applied universally, as claimed by the defense, without coming in conflict with the decision of this court in Stadler v. Detroit, 13 Mich., 347. We there held that a municipal corporation which had excluded a salaried officer from the performance of his duties was bound to pay him the salary. We are still, I believe, satisfied with this decision. That the right to fees does not necessarily depend upon the performance of the official duties is also declared in Glascock v. Lyons, 20 Ind., 3." The opinion of the court in the case further presents the reasons, based on public policy, which require that acts pertaining to a public office should be performed by the officers upon whom the duty has been imposed by law, and not by an intruder, which the mayor in the case before us was if the facts alleged be true, even though he was acting under the sanction of the city council.

That there is no difference in principle, so far as the question before us is concerned, as to the right of the appellant to recover fees and to receive a salary had there been one annexed to the office, is considered in the cases of Glascock v. Lyons, 20 Ind., 3; McVeany v. The Mayor, 80 N. Y., 192.

In the case last cited the court said: " The learned counsel for the appellant, in the case in hand, sought to distinguish between cases where the compensation was fixed by fees for the specific service rendered, and where it was by an annual salary, payable at recurring periods. We are not able to perceive such a distinction as will affect the applicability of the cases cited."

The court then examined the cases theretofore decided and cited, and held that the rule was the same whether the compensation to the officer was by salary or fees, and declared that " the difference would be only that that by salary was a fixed and certain sum, and that by fees uncertain."

There are cases holding that where salary or fees have been paid

to a *de facto* officer by a municipal corporation, it is not liable, for reasons of public policy, to pay the same again to the person holding title to the office. Such was the ruling in the cases before cited from 68 and 80 New York Reports; but even in these cases it is held that, if the fees or salary have not been paid to the *de facto* officer, they may be recovered by the person having the title to the office, and that the services of the intruder will be considered as having been rendered for the persons rightfully entitled.

The views expressed lead to the conclusion that the petition states a good cause of action, and that the court erred in sustaining the demurrer, and for this action of the court below the judgment will be reversed and the cause remanded.

It is accordingly so ordered.

REVERSED AND REMANDED.

[Opinion delivered April 17, 1885.]