### P. W. CAWTHON v. CITY OF HOUSTON.

Decided December 12, 1902.

**1.—Officer—City Policeman—Unauthorized Discharge—Recovery of Salary.**

Where a policeman is discharged without cause, under an order from the mayor made without authority, he is entitled to recover of the city the amount of his salary for the balance of his term of two years.

**2.—Same—City Charter—Appeal to City Council.**

Since the city charter required an appeal to the city council only from the action of the police, fire and health board, it was not necessary that the policeman, as a prerequisite to the recovery of his salary for the remainder of his term, should have appealed to the council from the action of the city marshal in discharging him on the order of the mayor.

**3.—Same—Salary—Extent of Recovery.**

Where the salary of the policeman was $75 or $85 per month, according to the detail of the work, he could recover, for the unexpired part of his term, upon being illegally discharged, only at the rate of $75 per month.

Error from the District Court of Harris County. Tried below before Hon. Wm. H. Wilson.

*Lock McDaniel,* for plaintiff in error.

*T. H. Stone,* City Attorney, for defendant in error.

GARRETT, CHIEF JUSTICE.—This action was brought by the plaintiff in error, P. W. Cawthon, against the city of Houston, the defendant in error, for the recovery of money claimed to be due the plaintiff for his salary as a policeman. The cause was tried below to the court without a jury, and resulted in a judgment in favor of the defendant.

On April 19, 1897, Cawthon was regularly appointed and qualified as policeman for the city of Houston, at a salary of $75 or $85 a month, according to the detail of work. He worked until July 16, 1898, when he was discharged by the marshal on the order of the mayor. He performed his duties as policeman in a competent manner, and no charges were ever made against him before the police, fire and health board of the city of Houston. Cawthon had been guilty of no misconduct authorizing his discharge, nor did the city marshal charge him with such. He was paid his salary up to July 16, 1898, and has been paid nothing since. He reported for duty after his discharge, and offered to serve,

but he was not permitted to do so.  He did not appeal his suspension or complain of same to either the police, fire and health board or the city council.

The trial judge was of the opinion that although the plaintiff had proved all the other facts necessary to entitle him to a recovery, his failure to appeal to the city council from the action of the marshal in discharging him prevented it.  The charter only provided for an appeal to the city council from the action of the police, fire and health board.  Spec. Laws 1897, pp. 61, 62.  No action had ever been taken by that board.  The marshal is the chief police officer of the city under the mayor, and has direct control of the members of the police force and of their assignment to duty.  At the direction of the mayor he arbitrarily discharged the plaintiff, and refused to assign him to further duty and struck his name from the pay roll.  The charter made no provision for an appeal from such action to the city council.

Plaintiff could only have been lawfully discharged by the police, fire and health board upon charges duly made and heard, and from the action of that board an appeal could have been taken.  But in the absence of charges and such action, there was no requirement of an appeal.  Plaintiff was an officer, and was entitled to hold the office upon his appointment and qualification for a term of two years.  Proctor v. Blackburn, 28 Texas Civ. App., 351.  His salary was incident to the office, and in order to recover he was not required to show that he had performed the duties attached to it.  As he was not actually detailed to work for which he would be allowed a salary at $85, he should be allowed for the balance of his term after July 16, 1898, until April 19, 1899, a salary at the rate of $75 a month.

By cross-assignments of error the defendant in error attacks the conclusion of the trial judge that the plaintiff was regularly appointed and qualified as a policeman of the city of Houston.  It was shown by the minutes of the city council that Cawthon was appointed by the mayor and confirmed by the council as a policeman.  The oath and bond could not be found by the city secretary, but there was sufficient parol evidence to support the conclusion of the court that the plaintiff had qualified.

The judgment of the court below will be reversed, and judgment will be here rendered in favor of the plaintiff in error for the balance of his term as above indicated.

*Reversed and rendered.*

· Writ of error refused.