HENRIETTA COUNTRY CLUB v. JACOBS.
(No. 11150.)

(Court of Civil Appeals of Texas. Fort Worth, Nov. 15, 1924.)

1. Municipal corporations ⬳57—Municipality has only express or implied powers.

The powers of municipal corporations, incorporated under general statute, are only such as are given by law, expressly or by necessary implication.

2. Municipal corporations ⬳226—Municipality may contract as individual as to proprietary interests.

A municipality cannot contract away its governmental powers or create a monopoly, but may contract as an individual as to its proprietary interests.

3. Municipal corporations ⬳722—Lease by city of lake property to private club held not surrender of governmental powers.

Contract of city operating waterworks, under Rev. St. arts. 769, 770, whereby it leased two lakes and surrounding property to a coun-

try club, under which lessee was permitted to stock water with fish and to maintain purity of water and beautify premises, held not a surrender of city's governmental powers.

4. Injunction ⬳35(2)—Lessee of lakes and surrounding premises from city in actual possession held entitled to enjoin mere trespasser from fishing on such lakes.

A country club, leasing two lakes and surrounding property from city, with permission to stock lakes with fish, and contracting to maintain purity of water and beautify premises, held entitled to restrain a citizen from fishing in such lakes, on theory that actual possession is sufficient title as against a mere trespasser who shows no title in himself.

Appeal from District Court, Clay County; Paul Donald, Judge.

Petition for injunction by the Henrietta Country Club against Barney Jacobs. From the judgment dismissing a temporary injunction theretofore granted, plaintiff appeals. Reversed, and temporary injunction reinstated.

Wantland, Dickey & Glasgow, of Henrietta, for appellant.

Frank Holaday, of Henrietta, for appellee.

CONNER, C. J. This is an appeal from a judgment sustaining a motion to dissolve a temporary writ of injunction which had been theretofore issued upon the petition of the appellant, the Henrietta Country Club. In its petition for the writ the club alleged, in substance: That it was a private corporation with its principal office and place of business in the city of Henrietta, Clay county; that the city is the owner of its waterworks, including the pumping station, two large reservoirs or lakes of water used for city purposes, together with a number of acres on which said pumping station, lakes, and reservoirs are situated; that by virtue of a 10-year lease with the city, acting by and through its mayor and city council, the club had become the lessee of the property above mentioned for a period of 10 years, whereupon the city had delivered possession of said premises, including the lakes, reservoirs, and lands adjacent thereto, and the plaintiff is now in the possession of the same; that one of the considerations for the leasing of the property was that the plaintiff should see that the embankments surrounding said bodies of water were planted in grass, that the weeds should be kept cut, that the property should be beautified, and that trespassers should be kept from polluting the waters in order that sanitary conditions might prevail with regard to the water supply in the city of Henrietta; that the city of Henrietta gave to the plaintiff the privilege of stocking said bodies of water with fish and the exclusive privilege of fishing therein; that the plaintiff had expended large sums of money in the

erection of houses, the clearing of shrubbery, the building of roads, the care of the trees growing, and the planting of additional trees, and taking the proper care of the embankments surrounding said bodies of water, and had at all times maintained strict sanitary regulations with regard to said bodies of water, to the end that the said water should not be polluted, but kept free and clear of any pollution in order that the citizens of Henrietta might have a pure water supply; that the plaintiff has spent large sums of money in having said bodies of water stocked with fish, and has been using extreme care and caution with regard to fishing regulations to the end that proper propagation of fish might take place in order that said bodies of water might adequately be stocked; that the plaintiff had purchased at a large outlay of money additional acreage which it owns in fee, and had the exclusive right for its members only to fish in the waters designated.

It was further alleged that the defendant, Barney Jacobs, had, prior to the filing of the petition and at various times unlawfully entered upon the private premises of the plaintiff for the purpose of trespassing and fishing in the waters named, to the injury and damage of the plaintiff; that said defendant had no right upon said premises and no right to interfere with plaintiff in the possession and enjoyment thereof, and no right to fish in said lakes; and that he had been requested to desist from so doing, but had refused such request, and is threatening to continue said unlawful use of said bodies of water for the purpose of fishing therein, etc. The petition was duly verified.

In accordance with the order of the judge of the Ninety-Seventh district court, the plaintiff gave bond to secure the issuance of the temporary writ of injunction.

The defendant, Barney Jacobs, appeared and upon an unverified answer sought the dissolution of the injunction. He alleged, in substance: That on the 2d day of February, 1922, the city of Henrietta, acting by and through its duly elected mayor, leased to one Tom Weldon, a private citizen of the city, certain designated public property, consisting of some 20 acres of land; that said 20 acres had been bought and dedicated to the use of the city for the purpose of constructing, maintaining, and operating a waterworks system for the city, its taxpayers, and the general public at large, including the government itself; that said property was governmental in its uses; that said land had been leased to Weldon, together with all and singular the rights, members, hereditaments, and appurtenances to the same belonging, for a period of 10 years, for a consideration of $25 per annum, with interest thereon at the rate of 8 per cent. per annum, "granting to the said Tom Weldon the right to exclusively occupy and enjoy the same during the period of said lease, with the exclusive right of building clubhouses, boathouses, etc., on said property, and in any way handling the same exclusively to his own satisfaction."

A copy of the contract was attached and made a part of the motion. It was further alleged in answer that said Tom Weldon had sublet the same to the Henrietta Country Club, the plaintiff in the action, which had "constructed buildings, dug earthen tanks, builded roads, and has, in many other ways, changed and defaced the surface of said land belonging to said city of Henrietta, Clay county, Tex.; that said Henrietta Country Club, is now in full control of said property belonging to the city of Henrietta, and is maintaining and operating a club on said premises for the special benefit of a few private individuals and their families, to the exclusion of the general public." Defendant further alleged that:

"He is a resident taxpayer of the city of Henrietta, Clay county, Tex.; that he lives in said city of Henrietta, and has lived in said city for a period of 25 years, and that he holds and owns property in the city of Henrietta and pays taxes on same; that as a citizen of Henrietta and as a taxpayer in said city, he is justly entitled to enjoy the rights and privileges of all property owned by the city of Henrietta; that he is justly entitled to enter in and upon all those premises and grounds owned by the city of Henrietta; and that he is justly entitled to enter in and upon the grounds now occupied by the Henrietta Country Club, which grounds and premises and property belong to the city of Henrietta, and which grounds and premises and property has been bought and dedicated to the use of the city of Henrietta for the purpose of maintaining its water supply for the general public."

We think we have given enough of the answer to indicate appellee's contention.

The uncontroverted facts in the case, as accepted by the court, are, in substance, that the Henrietta Country Club owns a body of land, several acres in size, adjacent to the lands of the city; that at the time of the organization of the club, in 1922, there was one tank or reservoir used by the city for the purpose of supplying water to its inhabitants; that at the time of the lease to Tom Weldon a second tank was in process of construction, and that, when the same was completed, the plaintiff for the purpose of protecting the banks of the reservoirs, and to prevent the same from breaking, at its own expense planted the same with grass and at all times guarded the banks; that at said time there was no fish whatever in the reservoir and at its own expense the club had stocked the same with fish which it procured from many points; that no other person has any right or title in said fish, which was the private property of plaintiff; that prior to the time of the execution of the contract it had been a common custom for individuals in and around Henrietta, and the public in general,

to fish in the water used by the city as a water supply, both for drinking purposes and domestic use; that in addition to that people fished in that tank with dead bait, thereby contaminating the waters; that the plaintiff is providing protection against persons bathing and swimming in the tank; that all persons have been forbidden to use other than artificial bait or live minnows in fishing; that it had been necessary to keep all persons not members of the club, and who could not be regulated by rules of the club, from fishing in the tank, throwing refuse and scraps·into the tank, and polluting the waters; that the plaintiff had erected two houses on the premises, one of which is used by the caretaker who watches the tanks in order to keep any person or persons from polluting the water.

·It further appears, according to the supervisor of the water department of the city, that the policing of the premises in controversy has furnished the city with purer water and prevented it from being polluted; that the plaintiff club had not been organized for the purpose of doing business at a profit and no moneys had ever been received for any privileges on the ground in question, and that the purpose of the execution of the contract "was to provide a purer and more wholesome water supply for the city of Henrietta, which could be accomplished by means of the erection of a clubhouse and caretaker's house on said premises, and the policing of said premises by said caretaker, the officers, and members of the plaintiff club."

[1-3] The city of Henrietta was incorporated under general statutes, and it is familiar law that its powers are such, and such only, as are given by law, expressly or by necessary implication, to such municipal corporations. Cities so incorporated in this state have been given express power to purchase lands, and to construct and operate water, sewer, and gas and electric light systems inside and outside of the city limits, and to regulate and control the same in a manner to protect the town or city. See Rev. Statutes, arts. 769, 770. In the exercise of such powers a city may not contract away its governmental powers or create a monopoly (City of Brenham v. Brenham Water Co., 67 Tex. 542, 4 S. W. 143; Ennis Water Works v. City of Ennis, 105 Tex. 63, 144 S. W. 930), but it may contract as an individual as to its proprietary interests. See Pond on Public Utilities, § 6, p. 20; Cawthon v. City of Houston, 31 Tex. Civ. App. 1, 71 S. W. 329; Ostrom v. City of San Antonio, 94 Tex. 523, 62 S. W. 909; Neal v. San Antonio Supply Co. (Tex. Civ. App.) 218 S. W. 35. In the case of Neal v. San Antonio Supply Company, writ refused, it was expressly held that, while it is the duty of municipal governments to furnish citizens with all such necessary utilities as water, lights, streets, and such

other public conveniences as are necessary for their protection and benefit, it may, nevertheless, contract with some other person or corporation to perform that service for it. And it is said in Pond on Public Utilities, p. 188, § 147, that the courts will not interfere and set aside such contracts when made by municipalities in the exercise of their discretion, except in ·extreme cases of its abuse. There is nothing in the record which shows that the city of Henrietta, in making the contract in question, has surrendered any of its governmental powers to provide all such needful regulations as are necessary or proper to secure for its citizens water in quantity and purity sufficient for domestic uses, and in this respect neither the city nor the defendant is complaining. In the cases of Brenham v. Brenham Water Co., and Ennis Water Works v. City of Ennis, above cited, contracts giving the water companies the exclusive right to sell water to the city for 25 or 30 years, respectively, were held to be void as in the nature of monopolistic franchises and in violation of article 1, § 26, of the Constitution, prohibiting monopolies. It is to be noted, however, that in the case before us the right to sell water or to control its flow or to fix fees therefor is not granted to the appellant club, nor does the contract, in·terms, seem·to exclude the right of the city, should necessity require, to make·and enforce any and all regulations necessary for the preservation of property and the purity of the water supply.

[4] The contract under consideration seems· rather in the nature of one providing for a caretaker whose duty it is to preserve the tanks from erosion, to enforce reasonable regulations to maintain the purity of its water and to beautify its premises, and so long as the city itself makes no complaint in these respects, we fail to see any legal ground for complaint on the part of one of its citizens, cognizable by the courts of the country. We have been cited to no law or decision which makes it the duty of a municipality to furnish public fishing grounds for its citizens, and until the city complains and seeks to abrogate the contract, as was done in the cases above cited and so urgently relied upon, we find no occasion to declare the contract void. It is certainly true, under the allegations and evidence so far presented to, us, that the appellant is in the actual possession of the premises and owner of the fish in the lake. It has many times been decided that actual possession of lands and premises is sufficient title as against a mere trespasser who shows no title in himself. See Linard v. Crossland, 10 Tex. 462, 60 Am. Dec. 213; Clifton v. Lilley, 12 Tex. 130; Pacific Express Co. v. Dunn, 81 Tex. 85, 16 S. W. 792.

As against the appellant club and its lessors, we see no escape from the conclusion that appellee is a mere trespasser and that,·

on the ground of actual possession and ownership, if on no other ground, appellant had the right to maintain this suit, and that the court erred in dissolving the temporary writ of injunction.

It is accordingly ordered that the judgment of the court below be reversed and the temporary writ of injunction be reinstated, and that this opinion be certified to the court below for observance.