## GAMBILL v. CITY OF DENTON.
### No. 14967.

Court of Civil Appeals of Texas. Fort Worth.

Nov. 5, 1948.

Rehearing Denied Dec. 10, 1948.

Earl L. Coleman, of Denton, for appellant.

Rogers Teel, of Denton, for appellee.

HALL, Justice.

In pursuance to a complaint in appellant's motion for rehearing to the effect that our original opinion filed October 1, 1948, decided a question not before the court, and finding that same is well taken, we withdraw said opinion by substituting this writing for the same.

Appellant R. B. Gambill on or about January 16, 1947, sued the City of Denton, Denton County, Texas, to recover salary for the period from June 20 to October 21, 1946, as City Attorney. It is undisputed that he was elected City Attorney of the City of Denton on the 2nd day of April, 1946, for a two year term and that he tendered his resignation to the City Commission in the form of a letter on June 20, 1946. The mayor submitted said resignation to the City Commission on the 21st day of June, 1946, and the same was by said Commission duly accepted, and on said date it appointed one T. B. Davis as City Attorney.

Trial was to the court and judgment was rendered in favor of the City of Denton.

Appellant's point embraces an argument that the court erred in holding in effect that appellant's letter dated June 20, 1946, became an unconditional and irrevocable resignation because under the City's charter said office of City Attorney is an elective one and that his resignation was in fact tendered to become effective after the qualification of his successor, who, he contends, can only become qualified by and through a special election held for that purpose and during the time from June 21 until October 21, the last being the date of the special election, that he acted as City Attorney and/or was willing to act as City Attorney and notified the City officials of his tenure of office during said period.

Section 12 of the charter of the City of Denton, among other things, provides: "The City Attorney shall be elected by the qualified voters of the City of Denton, Texas for a term of two years." Appellant's letter of resignation addressed to the "Honorable Mayor and City Commission, City of Denton, Denton, Texas," states, among other things, the following: " * * * The night before I took office I made a frank statement to you that after I assumed those duties I would expect you to follow my advice or I would resign. * * *

"There was recently filed in the District Court of Denton County an injunction suit against the present Board of Equalization * * *. This litigation could and would have been avoided had you followed my advice. The people should have been informed long ago what their money is to be spent for the next twelve months.

"Your failure to follow my advice in this matter, as well as in other matters, leaves me no alternative than to submit to you my resignation as City Attorney of the City of Denton. I have no desire to engage in a legal fight with my friends and fellow citizens who have done so much in making Denton the best town in the ten different countries of the world I have recently had occasion to visit."

In 30 Tex.Jur. 234, sec. 125, "resignation is a formal relinquishment of an office by the incumbent. The general law provides that resignation of any officer authorized to be elected or appointed shall be made to the city council in writing, subject to their approval and acceptance * * *."

Mayor J. L. Yarbrough testified in substance that appellant handed him his letter of resignation on June 20, 1946 and that he submitted the same to the City Commission on June 21, 1946. He was further asked the following questions:

"Q When Mr. Gambill handed it to you, he asked you to submit it to them for their approval? A Yes, I believe he took it down to the City Clerk and asked him to file it and submit it at the next meeting, which was June 21. And it was read and at the request of Mr. Gambill I recommended that his resignation be accepted, and they accepted it.

"Q From and after June 21, 1946, did you call on Mr. Gambill to act as City Attorney in any capacity? A I did not."

We find there is ample testimony to support the court's finding against appellant's contention in this court that he did not resign or intend to resign until after his successor had been elected and qualified by special election.

Appellant's main contention is that under the law he was required to hold over until his successor was elected and qualified and that his resignation could have only been terminated after such election and qualification of his successor.

The charter of the City of Denton makes no specific provision for fulfilling vacancies in subsidiary offices created by the City, such as the City Attorney's. We do not find that the City Attorney's office under any of the forms of government set out in the statutes is such an office that is required in order to maintain a city form of government but it can be created or dispensed with at will.

We further find that appellant's contention that he was a de facto officer, holding over until his successor was elected and that he should receive pay during the interim, is erroneous. He bases his claim upon such cases as that of Jones v. City of Jefferson, 66 Tex. 576, 1 S.W. 903, wherein it was held generally that the officer of a municipal corporation could not resign until his successor qualified in order to defeat the claims of creditors of said city which could only be enforced through its officers. Such decision is based upon the policy of the law to prevent vacancies and to preserve continuity of terms of office. But such cases as cited have no bearing on the question before us because it is not shown that the city attorney's office is such an office that would fall within the rule of the de facto doctrine under the record in this case. As stated in Manning v. Harlan, Mayor, et al., Tex.Civ. App., 122 S.W.2d 704, 708, writ dismissed, "The foundation stone of this whole doctrine of a de facto officer, as gathered from all the authorities, seems to be that of preventing the public or third persons from being deceived to their hurt by relying in good faith upon the genuineness and validity of acts done by a pseudo officer. However much color of authority may clothe the person who assumes to perform the function of an office and discharge its duties, yet, if the public or third persons are not deceived thereby,—if they know the true state of the case,—the reason which gives origin or existence to the rule which validates the act of an officer de facto ceases; * * *"

Finding no error in the judgment of the trial court denying appellant salary after his resignation had been accepted by the city officers, since the testimony discloses that the city officers did not use the services of appellant after said date, the judgment of the trial court is affirmed.

The motion of appellant for rehearing, heretofore filed, is overruled. Under Rule 458, Texas Rules of Civil Procedure, either party may file motion for rehearing within fifteen days after this opinion is handed down.