

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

May 22, 1961

Honorable W. G. Walley, Jr.
Acting Criminal District Attorney
Jefferson County
Beaumont, Texas

Opinion No. WW-1064

Re: Emoluments of the office of
Criminal District Attorney
while the elected Criminal
District Attorney is suspend-
ed from office pending removal
proceedings, and related ques-
Dear Mr. Walley:             tions.

You have requested an opinion on the following ques-
tions:

"1. Whether or not, during the time a
Criminal District Attorney is suspended from
office, and prior to his removal from that
office, he is entitled to the financial emolu-
ments of that office until such time as he may
be removed?

"2. Should the answer to the first ques-
tion be in the affirmative, then should pay-
ments of such emoluments be suspended and paid
over to him at the actual time of his removal,
if he should be eventually removed or should he
be paid as was the custom in the past?

"3. In the event of a temporary suspension
of a constable from office, and prior to his re-
moval from that office, is he entitled to the
financial emoluments of that office until such
time as he may be removed?

"4. Should the answer to the third ques-
tion be in the affirmative, then should payments
of such emoluments be suspended and paid over to

him at the actual time of his removal, if he should be eventually removed or should he be paid as was the custom in the past.

"5. Does the Commissioners Court have the authority to pay the emoluments of office to the person discharging the duties of the Criminal District Attorneys office during the time that such elected Criminal District Attorney is suspended?

"6. Does the Commissioners Court have the authority to pay the emoluments of office to the person discharging the duty of a Constable during the time that such elected Constable is suspended?"

When a person undertakes to discharge the duties of any public office in Texas he exercises those duties in one of three possible classifications, to-wit: (a) officer de jure, (b) officer de facto, or, (c) a mere intruder in the office.

A de jure officer is entitled to the emoluments of that office so long as the individual is a de jure officer. Board v. City of Decatur, 64 Tex. 7 (1885); City of Houston v. Estes, 79 S.W. 848 (Civ.App. 1904, error ref.); 34 Tex.Jur. 511-513, Public Officers, Sec. 108. Therefore, we believe that the answer to your questions is dependent on whether an individual suspended from office by a court of competent jurisdiction, pending removal proceedings, remains a de jure officer even though he is no longer performing the duties of that office. Your request, therefore, is answered by the principles of law announced in Chowning v. Boger, 2 Will.Tex.Civ. Cases 650 (1885). In that case the regular elected and qualified sheriff had been temporarily suspended from office by the judge of the district court and one A. T. Boger had been appointed to perform the duties of the office of sheriff pending removal proceedings. Subsequent to the suspension and prior to the hearing on the removal proceedings, the duly elected sheriff resigned from office and the commissioners' court, believing that such resignation created a vacancy in the office, appointed one H. Chowning sheriff. The court held that Boger, by virtue of the appointment, was sheriff de facto and the elected sheriff, prior to resignation, was the de jure officer and entitled to the emoluments of the office prior to resignation and that Chowning, after his appointment was the de jure sheriff and was then entitled to such emoluments.

You are therefore advised in answer to Questions Nos. 1, 3 and 6 that duly elected officers suspended from office by a court of competent jurisdiction pending removal proceedings are entitled to their statutory compensation during the time of suspension prior to hearing on removal proceedings.

Since it is to the interest of the public that the duties of an office be performed, de facto officers are entitled to compensation of services rendered. McAllen v. Rhodes, 65 Tex. 348 (1886). It is our opinion that a de facto officer is entitled to receive the same compensation as a de jure officer in the same position. Attorney General's Opinion O-3158 (1943) and authorities cited therein.

Summarizing the foregoing, and answering your questions categorically, you are advised:

(1) During the time a Criminal District Attorney is suspended from office and prior to his removal from that office, he is entitled to the financial emoluments of that office until such time as he may be removed.

(2) Payments of such emoluments should not be suspended but should be paid to him in regular installments.

(3) A constable temporarily suspended from office is entitled to the financial emoluments of that office until such time as he may be removed.

(4) Payments of such emoluments should not be suspended but should be paid to him in regular installments.

(5) The person discharging the duties of the Criminal District Attorney's office during the time that the elected Criminal District Attorney is suspended is entitled to receive the same compensation as the elected Criminal District Attorney during the period of time he discharges the duties of the office of Criminal District Attorney.

(6) The person discharging the duties of Constable during the time the elected Constable is suspended is entitled to receive the same compensation as the elected Constable during the time he discharges the duties of the office of Constable.

## SUMMARY

Individuals duly suspended from office pending removal proceedings will remain de jure

officers until removal and are entitled to their statutory compensation during such time.

Individuals duly appointed to discharge the duties of the office during the suspension period are entitled to the same compensation as the elected officer to the position during the time they actually discharge the duties of the office.

Yours very truly,

WILL WILSON
Attorney General of Texas

By John Reeves
John Reeves
Assistant

JR:ms

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Riley Eugene Fletcher
Elmer McVey
Gordon C. Cass

REVIEWED FOR THE ATTORNEY GENERAL
By: Morgan Nesbitt