Giles E. MILLER, Appellant,

v.

Honorable Jesse JAMES, Treasurer of the State of Texas, Appellee.

No. 11057.

Court of Civil Appeals of Texas.

Austin.

March 20, 1963.

Giles E. Miller, Dallas, for appellant.

Will Wilson, Atty. Gen., John Reeves, Asst. Atty. Gen., Austin, for appellee.

HUGHES, Justice.

Giles E. Miller, a resident of Dallas County, Texas, sued Jesse James, Treasurer of the State of Texas in his official capacity to enjoin him and his assistants "from disbursing or causing to be disbursed any salaries, salary warrants, or other forms of paying wages or salaries to all or any members of the Legislative Redistricting Board of Texas (i. e. (1) Honorable Will Wilson, Attorney General of Texas; (2) Honorable Robert Calvert, Comptroller of Public Accounts of Texas; (3) Honorable James Turman, Speaker of the House of Representatives of Texas; (4) Honorable Jerry Sadler, Commissioner of the General Land Office of Texas; and (5) Honorable Culp Krueger, State Senator for Senatorial District 15 of Texas and President pro tem of the Texas State Senate; and/or Honorable Bruce Reagan, State Senator for Senatorial District 20 of Texas and ex-President pro tem of the

Texas State Senate, immediately preceding,) * * *" [1]

We copy from appellant's verified petition the basis of his suit:

"That Plaintiff is guaranteed a republican form of government by Section 4 of Article IV of the Constitution of the United States of America, and by Section 2 of Article I of the Constitution of the State of Texas, and is thereby entitled to equal representation in the making of laws, as equality of representation in the legislative bodies of government is a right preservative of all other rights.

"III.

"That Plaintiff has been denied not only equality of representation but also the degree of proportionate representation to which he is entitled, through the nonfeasance of the Legislative Redistricting Board of the State of Texas, coupled with the political concert of a majority of the members of the 57th Legislature of Texas.

"IV.

"That the members of the Legislative Redistricting Board of Texas, in their oaths of office solemnly swore to uphold the Constitution of the State of Texas which created the Legislative Redistricting Board in Section 28 of its Article III, which section also made mandatory, and not merely permissive, said Board's apportionment of 'the State into senatorial and legislative districts agreeable to the provisions of Sections 25, 26, and 26-a of this Article III * * * In the event the Legislature shall at any such first regular session following the publication of a United States decennial census, fail to make such apportionment * * *' That the Legislature disregarded the requirements of the Constitution mak-

---

[1] We take judicial notice that the Honorable Will Wilson and the Honorable

James Turman are no longer Attorney General and Speaker, respectively.

ing mandatory a division of contiguous territory according to the number of qualified electors, 'as nearly as may be' in enacting H.B.No.349, an act apportioning the State of Texas, to become effective 90 days after May 29, 1961, (i. e. date of adjournment of said Legislature). That thereafter the nonfeasance of the members of the Legislative Redistricting Board of Texas thereby permitted the 57th Legislature to arrogate unto itself an immunity from the requirements and guarantees of the Constitution of Texas which does not provide for, contemplate, or permit such disproportionate representation in the legislative bodies of the State of Texas.

"V.

"That Section 10, of Article XVI of the Constitution of Texas requires there be made deductions from the salaries of public officers who may neglect the performance of any duty that may be assigned them by law. That the express obligations of Section 28 of Article III are duly assigned duties, for any such obligation imposed by the Constitution of a state is law, the most basic law of any. That the failure of past Legislatures to enact legislation to implement the provisions of Section 10 of Article XVI of the Constitution of Texas does not limit the jurisdiction and application of said provision by this court, as a constitutional provision is self-executing if it supplies a sufficient rule by means of which the right given may be enjoyed and protected, and the duty imposed may be enforced.

"VI.

"That the elimination of the existing disproportionate representation cannot be effectively accomplished in time for the 1962 general election, and must undoubtedly now await the attention of the 58th Legislature and/or the new Legislative Redistricting Board, the membership of both to be elected in the 1962 general election. That the present members of the Legislative Redistricting Board have failed completely to perform an important duty specifically assigned to them, and are now unable to perform that important duty of apportionment agreeable to the provisions of the Constitution."

Appellant sought a temporary injunction solely upon the allegations in his sworn petition. A hearing was held on such application after which an order was entered denying appellant a temporary injunction. This appeal is from such order.

Prior to the hearing, appellee filed a sworn denial of the facts alleged by appellant in his petition.

Sec. 25 of Art. III of the Texas Constitution, Vernon's Ann.St. provides the manner in which the State shall be divided into Senatorial Districts. Sec. 26 and Sec. 26a of this Article provide the manner in which members of the House of Representatives. shall be apportioned among the several counties. Sec. 28 of Art. III provides, in part:

"Sec. 28. The Legislature shall, at its first regular session after the publication of each United States decennial census, apportion the state into senatorial and representative districts, agreeable to the provisions of Sections 25, 26, and 26–a of this Article. In the event the Legislature shall at any such first regular session following the publication of a United States decennial census, fail to make such apportionment, same shall be done by the Legislative Redistricting Board of Texas, which is hereby created, and shall be composed of five (5) members, as follows: The Lieutenant Governor, the Speaker of the House of Representatives, the Attorney General, the Comptroller of Public Accounts and the Commissioner of the General Land Office, a majority of whom shall con-

stitute a quorum. Said Board shall assemble in the City of Austin within ninety (90) days after the final adjournment of such regular session. The Board shall, within sixty (60) days after assembling, apportion the state into senatorial and representative districts, or into senatorial or representative districts, as the failure of action of such Legislature may make necessary. Such apportionment shall be in writing and signed by three (3) or more of the members of the Board duly acknowledged as the act and deed of such Board, and, when so executed and filed with the Secretary of State, shall have force and effect of law. Such apportionment shall become effective at the next succeeding statewide general election. The Supreme Court of Texas shall have jurisdiction to compel such Commission to perform its duties in accordance with the provisions of this section by writ of mandamus or other extraordinary writs conformable to the usages of law."

Sec. 10 of Art. XVI of the Texas Constitution provides:

## "§ 10. DEDUCTION FROM SALARY FOR NEGLECT OF DUTY

"Sec. 10. The Legislature shall provide for deductions from the salaries of public officers who may neglect the performance of any duty that may be assigned them by law."

It is by reason of this latter constitutional provision that appellant contends that he is entitled to the relief sought in this case. It is our opinion that this is an erroneous contention.

Sec. 10 of Art. XVI, supra, very plainly provides that the Legislature "shall provide for deductions" from salaries of public officers who neglect the performance of duties assigned them by law. The Legislature has not so provided. Until it does so, there is no authority for any such deductions to be made.

Appellant contends that this provision of the Constitution is self executing and that no enabling legislation is required. We do not agree for two self evident reasons. 1. This Constitutional provision very plainly states that enabling legislation shall be enacted. 2. Without enabling legislation there is no guide as to either the amount or duration of deductions to be made. No Court has the authority to perform this legislative prerogative.

The judgment of the Trial Court is affirmed.

Affirmed.