

# The Attorney General of Texas

November 30, 1981

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable John R. MacLean
District Attorney
Honorable Dan M. Boulware
County Attorney
P. O. Box 350
Cleburne, Texas    76031

Opinion No. MW-401

Re:  Resignations of council
members for general law city

Dear Gentlemen:

You have asked if the city council of a city incorporated under the general laws of this state may refuse to accept resignations from two council members at the same time in order to avoid holding an election.

You advise that the city secretary of the city of Alvarado, a general law city, received resignations from two members of the city council, after which neither member submitting a resignation attended council meetings. The remaining members of the council accepted one of the resignations, but refused to accept the other until a replacement for the one whose resignation was accepted had been appointed and qualified. The purported reason for refusing to accept both resignations at the same time was to avoid two simultaneous vacancies on the council and the necessity of holding an election to fill them.

As amended in 1965, article 989, V.T.C.S., provides that if no more than one vacancy exists on the city council of a general law city, it may be filled by appointment by a majority of the remaining council members. But if two or more vacancies on the city council exist at the same time, a special election must be called to fill the vacancy.

In this case, article 1005, V.T.C.S., provides in pertinent part:

> Resignation by any officer authorized by this title [Title 28, Cities, Towns, and Villages] to be elected or appointed shall be made to the city council in writing, <u>subject to their approval and acceptance</u>. (Emphasis added).

In our opinion the Alvarado City Council was free to act on one resignation and not the other, if it so chose. Nothing in the law required the council to accept either member's resignation, whatever its motive for refusal might be. See generally Sawyer v. City of San Antonio, 234 S.W.2d 398 (Tex. 1950); Tobin v. Valerio, 309 S.W.2d 479 (Tex. Civ. App. - San Antonio 1958, writ ref'd). Cf. State v. Valentine, 198 S.W. 1006 (Tex. Civ. App. - Fort Worth 1917, writ ref'd); Gambill v. City of Denton, 215 S.W.2d 389 (Tex. Civ. App. - Fort Worth 1948, writ dism'd).

## S U M M A R Y

The city council of a general law city may refuse to accept one of two resignations submitted by council members in order to avoid the necessity of holding an election to fill vacancies.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Bruce Youngblood
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Jim Moellinger
Bruce Youngblood