

# The Attorney General of Texas

July 26, 1984

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

.001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Larry W. Allison
Lampasas County Attorney
P. O. Box 95
Lampasas, Texas    76550

Opinion No.  JM-182

Re:   Whether a commissioners
court is authorized to estab-
lish working hours for elected
county officials

Dear Mr. Allison:

You have requested our opinion regarding the authority of the commissioners court to dictate the office hours to be observed by other elected county officials. You have asked specifically whether the commissioners court has authority to order offices to be open during the lunch hour. It is our opinion that the commissioners court lacks authority to enter an enforceable order, punishable under the court's contempt authority, which instructs independently elected county officials to maintain specified office hours.

Attorney General Opinion O-6679 (1945) determined that the commissioners court, being of limited jurisdiction, lacked authority to adopt a 6-day, 48-hour work week for all county offices. It further concluded that the county auditor did not have authority to deduct amounts from the salary checks for those officers not maintaining office hours "ordered by the commissioners court." See generally Tex. Const. art. XVI, §10 (authority of legislature to provide for deductions in pay for public officials neglecting official duties). There is no enabling legislation under this provision of the constitution which allows a commissioners court to reduce the pay of county officials who do not observe specified office hours. Cf. Miller v. James, 366 S.W.2d 118 (Tex. Civ. App. - Austin 1963, no writ) (court may not provide deductions in pay in absence of enabling legislation); but cf., Attorney General Opinion MW-438 (1982) (authority of commissioners court to control conditions of employment for county employees).

Attorney General Opinion C-350 (1964) concluded that a constitutional county official could close his office on Saturdays without the consent and approval of the commissioners court. The opinion relied on Attorney General Opinion O-6679 (1945) and the fundamental proposition that a commissioners court has only that authority which is conferred upon it either explicitly or by

implication by the state constitution and statutes. <u>Canales v. Laughlin</u>, 214 S.W.2d 451 (Tex. 1948).

Attorney General Opinion M-1197 (1972) held that a commissioners court did not have the authority to compensate a justice of the peace on an hourly basis for those hours actually worked for the reason that, in 1972, a justice of the peace was required under the constitution to be compensated on either a fee basis or a salary basis and that an hourly rate of compensation was neither. <u>See</u> Tex. Const. art. XVI, §61. The opinion further reasoned that the commissioners court did not have the authority to establish the office hours for the office of justice of the peace by the means of compensating him on an hourly basis. The commissioners court does not have the authority to interfere with or usurp the duties and performance of independent county officials and employees. <u>Pritchard and Abbott v. McKenna</u>, 350 S.W.2d 333 (Tex. 1961) (contract with private firm to appraise property in county).

There is no general state law which dictates office hours or the work week to be observed by county officials and employees. In counties over 500,000 population the commissioners court, pursuant to special statute, has explicit authority to adopt

> rules and regulations governing the <u>hours of work</u>, vacations, holidays, sick leave, <u>medical care</u>, hospitalization, compensation and accident insurance, and deductions for absences . . . . (Emphasis added).

V.T.C.S. art. 2372h, §1. Counties over 200,000 population may establish a civil service commission which has the authority, among other things, to adopt rules relating to the "rights, benefits, and working conditions" of county employees which we believe may include the authority to adopt office hours. V.T.C.S. art. 2372h-6, §8(a)(7); <u>see also</u> V.T.C.S. art. 2372h-8 (sheriff's department civil service system in counties of more than 950,000 population). A second statute gives commissioners courts of counties over 500,000 population the authority to adopt and enforce

> reasonable regulations applying to all such deputies, assistants, employees or department heads governing the hours of work, vacations, and sick leaves, in the interest of obtaining uniform restrictions, conditions, and regulations governing all such deputies, assistants, employees or department heads in the manner now provided by law.

V.T.C.S. art. 3912e-4a, §4.

Other statutes of narrow applicability concern the hours of work for persons employed by a county. See, e.g., V.T.C.S. arts. 6871, 5165.1, 5167a. See also Elec. Code art. 5.09c; Elec. Code art. 5.24a, subdivision 10 (office of county elections administrator required to remain open on election day). There is, however, no general statute applicable to counties which specifies office hours or gives the commissioners court the authority to determine such hours. See, e.g., V.T.C.S. art. 5165a (full-time state employees required to work 40 hours per week; normal state office hours set at 8:00 a.m. to 5:00 p.m., Monday through Friday); V.T.C.S. art. 6871; see also V.T.C.S. art. 5167a (peace officers in counties over 500,000 population may not be required to work more than the normal county work week). We conclude therefore that the commissioners court of Lampasas County has no authority to establish office hours for other elected county officials.

## SUMMARY

The commissioners court of Lampasas County does not have the authority to establish office hours for other elected county officials.

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by David Brooks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
David Brooks
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton