

## KEN PAXTON
ATTORNEY GENERAL OF TEXAS

March 9, 2015

The Honorable R. Lowell Thompson
Criminal District Attorney
Navarro County Courthouse
300 West 3rd Avenue, Suite 203
Corsicana, Texas 75110

Opinion No. KP-0007

Re: Whether a county commissioners court must compensate a justice of the peace who retires prior to the end of his term
(RQ-1219-GA)

Dear Mr. Thompson:

You ask several questions about whether a county commissioners court must pay a salary and certain expenses to a justice of the peace who retires before the end of his or her term.[1] You tell us that a justice of the peace announced his retirement, effective July 1, 2014, and has since declined to discharge his duties as justice of the peace. *See* Request Letter at 1. You indicate that the commissioners court accepted his retirement and has "declined to compel [the justice] to 'hold over'" under article XVI, section 17 of the Texas Constitution. *See id.*; TEX. CONST. art. XVI, § 17. You note that the commissioners court also pays for his cell phone, health insurance, and a monthly vehicle allowance. *See* Request Letter at 2. Under these circumstances you ask whether the justice is entitled to be paid his salary and these other expenses. *See id.* at 1. You also question whether the commissioners court has authority under article XVI, section 10 of the Texas Constitution to make a deduction from his salary because he is no longer performing his justice of the peace duties. *See id.* at 3–4; TEX. CONST. art. XVI, § 10 (entitled "Deductions from Salary for Neglect of Duty").

We begin with article XVI, section 17, of the Texas Constitution, which is a mandatory provision requiring that "[a]ll officers within this State shall continue to perform the duties of their offices until their successors shall be duly qualified." TEX. CONST. art. XVI, § 17. The purpose of this holdover provision is "to prevent vacancies in office and a consequent cessation of the functions of government." *Plains Common Consol. Sch. Dist. No. 1 v. Hayhurst*, 122 S.W.2d 322, 326–27 (Tex. Civ. App.—Amarillo 1938, no writ); *see also* Tex. Att'y Gen. Op. No. M-659 (1970)

---

[1]*See* Letter from Honorable R. Lowell Thompson, Navarro Cnty. Crim. Dist. Att'y, to Honorable Greg Abbott, Tex. Att'y Gen. at 4 (Sept. 3, 2014), https://texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter"). You do not tell us in your request letter whether the commissioners court appointed a replacement. *See* Request Letter at 1–2. However, a review of the commissioners court's meeting minutes reveals that a replacement was appointed on July 14, 2014. Navarro Cnty. Comm'rs Ct. Meeting Minutes at 2 (Jul. 14, 2014), http://www.co.navarro.tx.us/.

at 2–3 (noting that resignation of an officer is not deemed fully effective until the appointment and qualification of his or her successor). A holdover officer is a "de jure" officer with all the authority to act in his official capacity, as well as to receive compensation. *See* Tex. Att'y Gen. Op. No. GA-0550 (2007) at 4; *see also* Tex. Att'y Gen. Op. No. JM-423 (1986) at 3 (defining "de jure" officer as one with a legal right to the office). In the situation you describe, despite his announced retirement or any contrary intention of the commissioners court, the Texas Constitution imposes an obligation on the justice of the peace to continue to perform the duties that are prescribed by law until his successor is appointed and qualified. *Cf. Gambill v. City of Denton*, 215 S.W.2d 389, 391 (Tex. Civ. App.—Fort Worth 1948, writ dism'd) (declining to hold that an officer's successor became qualified only by virtue of an election such that holdover officer's salary continued until such election).

Certainly, there are court cases recognizing that the salary of a public officer is "an incident of the office" that does not depend on the performance by the officer of official service. *See Beard v. City of Decatur*, 64 Tex. 7, 11, 1885 WL 7110, at *3 (1885) ("[T]he salary or emolument annexed to a public office is incident to the title to the office, and not to its occupation and exercise."); *see also Broom v. Tyler Cnty. Comm'rs Ct.*, 560 S.W.2d 435, 437 (Tex. Civ. App.—Beaumont 1977, no writ), *City of Houston v. Estes*, 79 S.W. 848, 851 (Tex. Civ. App.—Galveston 1904, writ ref'd), *Cawthon v. City of Houston*, 71 S.W. 329, 330 (Tex. Civ. App.—Galveston 1902, writ ref'd). These cases, however, involve a public officer willing to discharge the duties imposed on the officer by law. *See Estes*, 79 S.W. at 850 (acknowledging the officer established at trial his readiness to perform his duty); *Cawthon*, 71 S.W. at 329 (noting the officer's willingness to serve); *Beard*, 64 Tex. at 9, 1885 WL 7110, at *2 (noting that the city treasurer was willing to perform his duty but was prevented from doing so by actions of the city council). On that basis, these cases are distinguishable from a situation, such as you describe, in which an officer refuses to perform any of his official duties in disregard of his constitutional duty. A court would probably not consider this line of cases to be dispositive to your issue.

Rather, a court would likely rely on the constitutional limitation on the use of public funds found in Texas Constitution, article III, section 52(a). Article III, section 52(a) prohibits a political subdivision's gratuitous grant of public money or a thing of value in aid of, or to any individual. TEX. CONST. art. III, § 52(a); *see Tex. Mun. League Intergov'tl Risk Pool v. Tex. Workers' Comp. Comm'n*, 74 S.W.3d 377, 383 (Tex. 2002) (stating that article III, section 52(a) prohibits the gratuitous expenditure of public funds). The Texas Supreme Court has enumerated a three-part test by which to determine whether a grant of money or thing of value is prohibited as gratuitous. *Id.* at 384 (stating that an entity making a public expenditure must: (1) ensure the expenditure's "predominant purpose is to accomplish a public purpose, not to benefit private parties; (2) retain public control over the funds to ensure that the public purpose is accomplished and to protect the public's investment; and (3) ensure that the political subdivision receives a return benefit"). Relevant here, the three-part test requires that the expenditure must accomplish a public purpose and be reciprocated with return consideration or a clear public benefit. *See id.* The determination of whether a particular expenditure satisfies the three-part test is for the political subdivision to make in the first instance, subject to judicial review for abuse of discretion. Tex. Att'y Gen. Op. Nos. GA-0843 (2011) at 2, GA-0721 (2009) at 3, GA-0472 (2006) at 3; *see also Comm'rs Ct. of Titus Cnty. v. Agan*, 940 S.W.2d 77, 80 (Tex. 1997) (recognizing district court's supervisory

control over a commissioners court that abuses its discretion).  Payment to this justice of the peace for salary, expenses, allowances, and benefits beyond the date the officer refused to perform his official duties would be gratuitous absent findings by the commissioners court that the expenditure satisfies the three-part standard under article III, section 52(a).

Because the initial article III, section 52(a) determination belongs to the commissioners court, we cannot conclude as a matter of law that the justice of the peace in these circumstances is entitled to the salary, expenses, allowances, and other benefits provided by the county to its officers.  *See* Tex. Att'y Gen. Op. No. GA-0843 (2011) at 2 (noting that such determination depends on the facts of any particular transaction).  Accordingly, we do not address your remaining questions regarding article XVI, section 10 of the Texas Constitution.  *See generally Miller v. James*, 366 S.W.2d 118, 121 (Tex. Civ. App.—Austin 1963, no writ) (concluding that absent enabling legislation, article XVI, section 10 provides "no authority for any such deductions to be made").

## S U M M A R Y

Article III, section 52(a) of the Texas Constitution prohibits the gratuitous payment of public funds for a private purpose. The determination of whether a public expenditure to a justice of the peace who refuses to perform his duties as a holdover officer upon his resignation is gratuitous belongs to the commissioners court in the first instance, subject to judicial review. Thus, we cannot conclude as a matter of law that the officer in these circumstances is entitled to the salary, expenses, allowances, and other benefits provided by the county.

Very truly yours,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

CHARLOTTE M. HARPER
Assistant Attorney General, Opinion Committee